FLATOW *v.* VON BREMSEN.

(*City Court of New York, General Term.*  October 6, 1890.)

1. LIBEL AND SLANDER—WORDS ACTIONABLE PER SE.
   To say that plaintiff is a "loafer" and a "pimp, " and "don't understand his business, " that his wife is not virtuous, and to threaten to ruin plaintiff, is not actionable *per se.*

2. SAME—AVERMENT OF SPECIAL DAMAGE.
   In an action for slander where the words charged were not actionable *per se,* the averment of special damage was "that, by reason of the speaking and uttering of the said words as aforesaid by defendant, divers persons have refused to associate or transact business with this plaintiff, and this plaintiff was therefore deprived of the benefits which would accrue to him from such association and business as aforesaid, to his damage in the sum of $1,000. "  *Held,* that such averment was insufficient.

Appeal from special term.

Action by Richard Flatow against Theodor Von Bremsen for slander. The amended complaint sets forth two causes of action.  The words charged for a first cause of action are: "Flatow [meaning plaintiff] is a pimp.  I don't think much of his [meaning plaintiff's] wife.  She looked for a place as housekeeper for unmarried people.  He [meaning plaintiff] don't understand his [meaning plaintiff's] business.  I will ruin him, [meaning plaintiff.]  I have a store for you in which you can go in business and ruin him, [meaning plaintiff.]"  There is not any averment by way of inducement, colloquium, innuendo.  Special damage is alleged, as follows: "That by reason of the speaking and uttering of the said words as aforesaid by defendant, divers persons have refused to associate or transact business with this plaintiff, and this plaintiff was therefore deprived of the benefits which would accrue to him from such association and business as aforesaid, to his damage in the sum of one thousand dollars. "  The words charged for a second cause of action are: "That loafer Flatow don't understand his business.  He can't support his wife.  She frequently visited me and asked for five dollars.  I used his wife and had connection with her, as she had nothing to wear.  I fixed his whole place, and will ruin him as soon as I can.  I have placed spies on all street corners to warn customers not to go into his place.  I will not rest until I have ruined him entirely, and will receive a large amount of money from him, so that the whole business will be mine.  I will throw him on the street, the loafer and pimp. "  There is likewise an absence of averment by way of inducement, colloquium, and innuendo in the statement of this cause of action; but there is an allegation of special damage in substantially the same language as alleged in the first cause of action.  Defendant demurred to the first and second alleged causes of action stated in the amended complaint, and generally to the entire amended complaint "for the ground that it appears upon the face thereof that it does not state facts sufficient to constitute a cause of action. "  The demurrer was overruled at special term by GIEGERICH, J., who on September 6, 1890, filed the following opinion: "The words spoken by the defendant not being actionable of themselves, the plaintiff, in order to maintain the two causes of action set forth in the complaint, served an amended complaint, whereby he alleges special damage resulting from the utterance of the words set forth under each cause of action, in words substantially as follows: 'That, by reason of the speaking and uttering of the said words

as aforesaid by the defendant, divers persons have refused to associate or transact any business with this plaintiff, and this plaintiff was thereby deprived of the benefits which would accrue to him from such association and business as aforesaid, to his damage in the sum of one thousand dollars.' The defendant contends that the amended complaint, even with the allegations of special damage added to each cause of action, does not state facts sufficient to constitute a cause of action. As to what constitutes special damages, Starkie mentions the loss of a marriage, loss of hospitable gratuitous entertainment, preventing a servant or bailiff from getting a place, the loss of customers by a tradesman; and says that, in general, whenever a person is prevented by the slander from receiving that which would otherwise be conferred upon him, though gratuitously, it is sufficient. Starkie, Sland. & L. 195, 202; Cooke, Def. 22–24. In *Olmsted* v. *Miller*, 1 Wend. 506, it was held that the refusal of civil entertainment at a public house was sufficient special damage. So, in *Williams* v. *Hill*, 19 Wend. 305, was the fact that the plaintiff was turned away from the house of her uncle, and charged not to return until she had cleared up her character. So, in *Beach* v. *Ranney*, 2 Hill, 309, was the circumstance that persons, who had been in the habit of doing so, refused longer to provide fuel, clothing, etc. 2 Starkie, Ev. 872, 873. These instances are sufficient to illustrate the kind of special damage that must result from defamatory words, not otherwise actionable, to make them so. They are damages produced by, or through, impairing the reputation. *Terwilliger* v. *Wands*, 17 N. Y. 54, 59, 60. Substantially the same principle here involved was presented in *Hewit* v. *Mason*, 24 How. Pr. 366, 368, wherein the complaint stated that, by reason of the speaking of the words, the plaintiff was injured in his good name and business, and excluded from the society of his friends and neighbors, to his damage of $2,000; and it was held that the injury to his business and exclusion from society are damages of a special character; that perhaps the plaintiff should have been more specific, certainly he should as to the charge in regard to the injury to his business; but that this objection could not be raised on demurrer, and that the remedy of the defendant was by motion under the Code to make the complaint more definite and certain. In the light of these rules, and the rule by which, under the Code, the sufficiency of a complaint is to be determined, and well stated by ANDREWS, J., in *Marie* v. *Garrison*, 83 N. Y. 14, 23, as follows: ' A demurrer to a complaint for insufficiency can only be sustained when it appears that, admitting all the facts alleged, it presents no cause of action whatever. It is not sufficient that the facts are only argumentatively averred. The complaint on demurrer is deemed to allege what can be implied from the allegations therein, by reasonable and fair intendment, and facts impliedly averred are traversable in the same manner as though directly averred,'—there can be no other conclusion arrived at than that the complaint, while it should be more specific, nevertheless sets forth two sufficient causes of action. Judgment must be ordered for the plaintiff on the demurrer, with costs, with leave to the defendant to serve an answer within five days, upon payment of the costs, overruling the demurrer." Defendant appeals. For decision on motion to vacate order of arrest, see *ante*, 677.

Argued before McADAM, C. J., and EHRLICH and VAN WYCK, JJ.

*Foster & Stephens*, (*George W. Stephens*, of counsel,) for appellant.

The words set out in the complaint are not actionable *per se*. *Kinney* v. *Nash*, 3 N. Y. 177; *Carroll* v. *White*, 33 Barb. 615; *Ramscar* v. *Gerry*, 1 N. Y. Supp. 635; *Bassell* v. *Elmore*, 48 N. Y. 561; *Beach* v. *Ranney*, 2 Hill, 309; *Geisler* v. *Brown*, 6 Neb. 254; *Williams* v. *Hill*, 19 Wend. 305; *Hewit* v. *Mason*, 24 How. Pr. 366; *Butterworth* v. *O'Brien*, Id. 438; *Simmons* v. *Eldridge*, 29 How. Pr. 309.

*Howe & Hummel*, for respondents.

PER CURIAM. The words set out in the complaint are not actionable *per se*, and the action is maintainable only on the theory of special damages, and these are not alleged according to legal requirements. See cases stated in appellant's brief. It follows that the judgment entered herein must be reversed, and interlocutory judgment ordered in favor of the defendant on the demurrer, with costs, on payment of which, within six days, the plaintiffs may amend by pleading special damages according to the rules of pleading.