SAMUEL LANDER, Appellant, *v.* ISAAC WALD, Respondent.

Second Department, December 3, 1926.

**Libel and slander — slander per se — it is slanderous per se to call another " a pimp "— said word charges person to whom applied with commission of crime defined by Penal Law, § 2460, subd. 6 — not necessary to allege special damages.**

It is slanderous *per se* to say of another person that he is " a pimp," because the word charges the person, in reference to whom it is used, with the commission of the crime defined by subsivision 6 of section 2460 of the Penal Law.

It is not necessary, therefore, for the plaintiff to allege special damages in order to make the complaint sufficient.

APPEAL by the plaintiff, Samuel Lander, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 16th day of July, 1926, granting defendant's motion to dismiss the complaint on the ground that it fails to state facts sufficient to constitute a cause of action.

*Walter L. Bunnell,* for the appellant.

*Elwood G. Feldstein* [*Maurice Deiches* with him on the brief], for the respondent.

YOUNG, J. The action is for slander, and the complaint alleges that on May 18, 1926, the defendant, in the presence of others, maliciously spoke of and concerning plaintiff the false and defamatory words as follows: " You have no business to work. You are a pimp," and about the same time and place the defendant, in the presence and hearing of another, maliciously spoke of and concerning the plaintiff the false and defamatory words following: " The pimp is making $100 a week and he goes home so early."

The learned Special Term granted defendant's motion to dismiss the complaint upon the authority of *Flatow* v. *Von Bremsen* (11 N. Y. Supp. 680) in which it was held that the use of the word " pimp " was not actionable *per se.*

It is contended by the appellant, however, that when that decision was made, section 2460, subdivision 6, of the Penal Law (as amd. by Laws of 1910, chap. 618) was not in force. That subdivision provides as follows:

" Any person who shall knowingly receive any money or other valuable thing for or on account of procuring and placing in the custody of another person for immoral purposes any woman, with or without her consent, shall be guilty of a felony and, on conviction thereof, shall be punishable by imprisonment for a period of not less than three years nor more than twenty-five years and by a fine not exceeding five thousand dollars."

The definition of the word " pimp " in the Standard Dictionary is: " One who provides the means and opportunity for libidinous gratification; a pander." (See, also, Bouvier's Law Dict. [3d rev.] 2592.)

Appellant, therefore, contends that speaking of or calling plaintiff a " pimp " charged him with the crime defined in section 2460 of the Penal Law. The respondent, however, asserts that the definition of the word " pimp " does not bring it within the scope of subdivision 6 of section 2460 of the Penal Law because, as I understand his argument, that subdivision provides that any person

" who shall knowingly receive any money or other valuable thing for or on account of procuring," etc., shall be guilty of a felony, etc. In other words, because the receipt of money for the procuring is essential to constitute the crime, such crime is not charged by calling one a " pimp," which is defined simply as one who provides gratification for the lust of others, etc. This seems to me to be altogether too narrow an interpretation. A " pimp " is also defined, as above indicated, as a procurer, a pander, and this definition is clearly broad enough to include one who commits the act for money.

The defendant also urges that by the statutes in force at the time of the decision in *Flatow* v. *Von Bremsen* (*supra*) numerous offenses against women were made crimes, but I do not see that any of these statutes which he quotes in his brief define the crime set forth in subdivision 6 of section 2460 of the Penal Law.

In my opinion, the crime defined by the section last cited is in effect what is usually known and defined as being a " pimp," and, therefore, accusing a person of being a " pimp " charges him with the crime in question and is actionable *per se* without any allegation of special damage.

The order should be reversed upon the law, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

Kelly, P. J., Jaycox, Kapper and Lazansky, JJ., concur.

Order granting motion to dismiss complaint reversed upon the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.