By the Court,

Cowen, J.
The publication contains an account of the most filthy and disgusting practices, in the preparation of a-driuk which is known to be very common; and applied to the plaintiff either personally or in the exercise of his trade, it would be clearly libelous without the allegation of special damage. The demurrer admits that here is a false imputation of such practices for the malicious purpose of degradation and ridicule; and the only terious question raised is, whether the plaintiff, by showing himself to be one of the class embraced in the publication, is entitled to an action.
It was insisted on the part of the defendant, that the publication could not be understood as applying to all the malt-houses on the hill, but only to some of them, and that without averments charging the defendant with the intention to impute the filthy conduct, specified in the publication to the plaintiff and cert An other individuals in particular, the plaintiff failed in showing that his malt-house in particular was in the mind of the defendant in making the publication. I am however inclined to think that the words “ there are several malt-houses on-the hill, all of which rely on water taken occasionally from such places, &c., must be understood as applying to every malt-house on the hill, and not to any'number less than the whole. The words strike my mind as comprehending the malt-houses of the whole class of persons who had such establishments on the hill, characterized in the declaration as the plaintiff and divers other persons. Such is the plain, unsophisticated meaning of the publication, and according to such meaning we are bound to read those matters.
This brings the case down to the test established by Sumner v. Buel (12 Johns. R. 475), from which, if that case is to stand for law, it is very difficult, if not impossible, to distinguish this. The plaintiff declared that he was an ensign in a company of riflemen called the Albany Greens, in Col. Lockwood’s regiment, and that the libel which was set out, imputed [53] dishonorable and unofficerlike conduct to-all the officers of the Trojan, Albany and Hudson Greens. On default and an inquisition of six cents damages, the defendant moved in arrest, and the judgment was arrested on the ground that the libel was published of a class of persons. It was agreed that the libel in that case applied distinctly to the officers of the three companies. It was the same assaying these officers, of whom the plaintiff was well known to be one, had been guilty of the criminal conduct charged. The present libel is equivalent to saying the divers malsters on Albany Hill, of whom the present plaintiff is well known to be one, have been guilty of filthy practices. The words are just as definite in the one case as in the other, and not more so. There is nothing giving them a special personal application to the plaintiff in either instance, more tlian to others, and in this case we know not how many. . From the best consideration I have been enabled to give the case of Sumner v. Buel, I must say it is precisely in point; and the judgment must therefore be for the defendant. *