## FIDLER *vs.* DELAVAN.

Where a publication treats of the manner in which a particular business is conducted by two individuals carrying on business under the name of a firm, and one of the members of the firm brings a suit alleging the publication to be a *libel of and concerning him in his trade and business*, and that its object is to impoverish and ruin *him*, a *plea of justification* is an *admission* that the plaintiff is one of the *firm* mentioned in the publication.

A *plea of justification* to a declaration for a libel must justify the publication *according to the sense* given to it by the plaintiff; it is not allowed to repeat the charges and aver them to be true, though amplified by the addition of times, places and circumstances. The charges must be *directly* met, and not argumentatively or by inference.

A plea setting forth *the evidence of facts*, instead of the facts themselves, is bad.

A plea of justification *admits* the truth of the *innuendoes* as contained in the declaration.

DEMURRER to plea. This is an action for a *libel*. The publication alleged to be libellous is the same upon which the suit of *White* v. *Delavan* was brought, reported in 17 *Wendell*, 49, *et sequitur*, where will be seen the publication. The same matters alleged by way of inducement in that case were alleged here, with the additional allegation that the *plaintiff*, as one of the firm of *Fidler & Taylor*, in the publication mentioned, carried on the business of a *maltster*, and that the publication was *of and concerning him in his trade and business*, and that to injure and

Fidler *v.* Delavan.

destroy his trade and business, and to vex, harass, impoverish and ruin him, the defendant did publish, &c. The defendant put in a *plea of justification,* to which the plaintiff *demurred,* assigning a variety of special causes of demurrer. For the objections urged to it by the plaintiff's counsel, and the view taken of the plea by the court, the reader is referred to the opinion delivered by the chief justice. The demurrer was argued by

*S. Stevens,* for the plaintiff.

*A. Taber,* for the defendant.

*By the Court,* NELSON, Ch. J.* The pleadings admit that the plaintiff is one of the firm of Fidler & Taylor, and, therefore, that he is particularly designated in the alleged libel; the objection that he was one of a class referred to, which was successfully taken in the case of *White* v. *Delavan,* 17 *Wendell,* 49, does not apply. By pleading over, the defendant concedes the publication to have been of and concerning the plaintiff, &c. and puts himself upon the justification, *Cro. Car.* 288, 385; *Lutw.* 627; *Cro. Jac.* 668, 683; *Cro. Eliz.* 825, so far as defect of form may exist.

The main question then, in this case, is as to the validity of the pleas, which set up the truth in bar of the action. They must be co-extensive with the charge in the publication, and which is to be construed as it would be understood by mankind in general, giving to the words their ordinary meaning. Courts are not to understand it in a different sense from the general reader. The soundness of this rule of interpretation must be obvious, as it is the effect of the libel upon the *community* that constitutes the gravamen of the action.

We must enquire then, *first,* into the true meaning of the publication, as a proper understanding of it is essential, in order to enable us to test the sufficiency of the pleas. The pleader has explained his understanding of the publication by the innuendoes

---

* This case was decided in May term last.

Fidler *v.* Delavan.

in the declaration, and they have not been denied; they are admitted by default for want of plea, as was adjudged in the case of *Tillotson* v. *Cheetham*, 3 *Johns. R.* 56, and so on demurrer. Here the *general issue*, which would have put the plaintiff to the proof of the libel as declared upon, and required him to maintain the meaning as imputed by the innuendoes has been waived; all is admitted as set forth; the defendant assuming the affirmative, seeks to shield himself by shewing the truth of the charge as thus spread upon the record. This view, however, is not important, as there can be no doubt about the true meaning of the publication, or that the one imputed in the declaration is correct. It is substantially as follows : That six or seven years ago (that is, previous to the publication,) the plaintiff caused his malting establishment on the hill in Albany to be supplied with filthy, putrid water, such as is taken from pools, gutters and ditches, in which were dead putrid animals; that the water was often so foul and polluted as to be green on the surface, and nearly as thick as cream with filth; that such water had been used by the plaintiff for several seasons in malting for his brewery; and that steep-tubs used for that purpose, which usually contained seven hogsheads, had a deposit of ten or twelve inches of the most filthy matter, that settled to the bottom of them. This is the essence of the charge as laid in the declaration, as understood by the general reader, and which the defendant was bound to justify.

Now the first radical defect in the pleas is, that the pleader undertakes to justify the libel *literally*, without regard to its meaning or legal effect. For instance, it is set forth that on the 1st December, &c. Fidler & Taylor's malting establishment (meaning the one owned and possessed by the plaintiff and one Taylor) *was supplied* with water for malting from a stagnant pool, &c., without averring directly that the establishment was supplied *by the plaintiff*, or through his instrumentality, which is the evident sense of the publication. The whole scope of it leads to this conclusion. The plea therefore falls short of a justification as to this part of the charge.

Another defect is, that the *evidence of the facts* charged is spread out in the plea instead of the *facts* themselves. This is a violation of one of the first rules of pleading, which requires a statement of the facts constituting the plaintiff's cause of action, or the defendant's ground of defence. 1 *Chitty's Pl.* 216. A plea should be direct and positive, and not by way of rehearsal or argument, which leads to prolixity and expense. 1 *Chitty,* 518. 8 *Cowen,* 728, 729. 15 *Wendell,* 656. The error of the pleader has arisen from not regarding sufficiently the legal effect of the libel, which is all that is necessary to meet and defend, and which must be defended. By reason of this error he has undertaken to justify in the terms and words of it. He has thus followed the language throughout, affirming the truth of all that is there stated, with little more than the additions of time and place. This has led to a tedious detail of the evidence, which might be necessary on the trial to establish the truth of the charges, but necessary there only. A particular description is given of the places mentioned in the libel whence the filthy water was taken, where collected and deposited in the malting establishment; that the water there used was taken from the several places, mentioning them, in which were at several times dead animals, &c. Now it is apparent that all this is but evidence of the facts intended to be charged upon the plaintiff, namely, *that he used in malting grain for his brewery, foul and polluted water, such as is taken from stagnant pools, &c. containing dead putrid animals.* Again, the plea states that water was *carried to the malt house* of the plaintiff, &c. of great thickness, to wit, as thick as cream with filth. This is but a *literal* justification of the charge; carrying the filthy water to the malt house simply, contained no imputation upon the plaintiff or his establishment, except by inference or argument. The pleas do not meet the sting of the libel, namely, that the water of this description was used *by the plaintiff* in the business of malting on the hill. This is the charge intended by the writer, from the language used, and the necessary inference to be drawn by the reader. It should therefore have been directly met, and not by

way of " rehearsal and argument." The same observations are applicable to the next paragraph, " *that water passed on carts from the direction of the big pond,*" &c. By the language of the libel the writer intended to convey the imputation that such water was used *by the plaintiff* in malting—if not, then the libel contained no charge, and should not have been answered. Carrying water upon carts to the establishment was harmless.

The essence of the charge is comprehended in a few words, as we have already seen ; and it is not necessary that the pleader should extend his justification beyond it. The error on this point has led to great and perplexing prolixity, which should be avoided, as its effect is to confuse and embarrass the issue and trial.

Judgment for plaintiff.