## JOHN G. WHITE *vs.* DELAVAN.

A *defect in form* in a declaration or other pleading is cured by pleading over; but not a *defect in substance.*

LIBEL. The declaration in this case is substantially the same as in *William White* v. *Delavan*, 17 Wendell, 49. The defendant put in two pleas of justification, to which the plaintiff demurred. It was admitted on the argument that the pleas were bad, but it was insisted that the defendant was notwithstanding entitled to judgment inasmuch as the declaration was radically defective. In answer to which it was urged that by pleading over, the defects in the declaration were cured, and that consequently judgment ought to be rendered for the plaintiff.

*S. Stevens,* for the plaintiff.

*B R. Wood,* for the defendant.

By the Court, COWEN, J. The declaration in *White* v. *Delavan*, 17 Wendell, 49, was held *bad in substance*, because the plaintiff being but one of a class, and not named, he could not, in the nature of the libel, apply it to himself. In other words, it was a libel upon nobody, because none of the class were named. It is different in *Fidler* v. *Delavan*, 20 Wendell, 57, because there the plaintiff was named; and undoubtedly any defect of form in identifying him would be cured by pleading over, as the chief justice said in that case. He cited the authorities to that point, and they are now pressed upon us by the plaintiff's counsel as showing that pleading over is to have the same effect here.

One of those cases is *Beale* v. *Simpson*, Lutw. 626, 627, where the plaintiff sued in right of his wife as administratrix during the minority of M. S. and others. The defendant pleaded and the plaintiffs replied. The defendant demurred to the replication, and then would have gone back and attacked the declaration for not specifying the precise age of

White v. Delavan.

M. S., &c. and that they were under 17 years. But this was not allowed. That was no more than saying you shall not go back on matter of form, but should have demurred specially; for their ages were alleged, though informally. Besides, the case is put on another familiar ground : that the plaintiffs, having sued in a special character, the pleading over admitted their capacity; a doctrine very extensively applicable, and perfectly familiar to the law.

*Vivian* v. *Shipping*, Cro. Car. 384, was assumpsit on an award, and the plaintiff's right of action depended on the performance of a condition precedent. He averred performance of the award on his side generally; which was informal. The defendant pleading over, the court said it was too late for him to attack the declaration for a mere defect of form. *Slack* v. *Bowsal*, Cro. Jac. 668, and *Buckland* v. *Otley*, id. 683, both obviously went on the same ground. *Drake* v. *Corderoy*, Cro. Car. 288, is a stronger application of the same principle. The plaintiff declared in slander, that he was a constable and sworn before the justices of the peace of the county of Wilts, at their quarter sessions, concerning an affray by the defendant, who then and there, in said court, in presence of the justices said, " he (meaning the plaintiff) is forsworn," without mentioning the oath in particular. This was informal; but the defendant pleaded over and justified, showing the oath in open sessions, and that it was false. The court said, on error brought for the defect in the declaration, that it was, to be sure, doubtful and uncertain upon the declaration, but the plea removed the uncertainty. The declaration mentioning that the plaintiff was sworn in such close connection with the charge that he was forsworn, it is quite doubtful whether the declaration could have been assailed in any other way than by special demurrer.

*Stutfield* v. *Somerset*, Cro. Eliz. 825, was debt upon an obligation conditioned to convey land to the plaintiff's son. Plea that the defendant enfeoffed a stranger to the use of the son. Replication that he did not enfeoff, &c. ; and this was held to cure the defect in the plea, which was evident-

ly good in substance, though, in strict form, the conveyance should have been to the son directly. By the statute of uses, the title was in the son, though he might not hold the deed, which the covenant intended he should have as the proper and ready evidence of his title. The court said he was not so sure of the estate, nor, peradventure, can have any knowledge of such estate or the means to prove the uses, &c.; yet none of these were very substantial disadvantages. The plaintiff might waive them all. The court added, that he might traverse either the uses or the feoffment, which shows the plea to have been good in substance, otherwise the issues suggested would have been immaterial.

I have thus gone through with all the cases cited by the plaintiff's counsel, and those referred to by the chief justice in *Fidler* v. *Delavan*, and they are all reducible to the very common notions of admitting the plaintiff's capacity by pleading over, or, by the same act, waiving all objections of form. And this I conceive to be the upshot of all the cases and *dicta* in the books of pleading, where they say that answering shall cure a defect. They cannot mean that an answer will cure a defective title; that it will change that into a libel which is not libellous in its own nature; that a libel upon a whole city or town may thus be made a libel upon each inhabitant, and give him an action.

The judgment must, I think, be rendered for the defendant, notwithstanding the defects in his pleas.