## McDONALD v. PRESS PUB. CO.

### (Circuit Court, S. D. New York. April 24, 1893.)

LIBEL—WHAT CONSTITUTES—NEWSPAPER PUBLICATION.

A complaint for libel set out the following publication: "Missing Million-aire McDonald Located. Cincinnati, O., Aug. 17. McDonald, southern Ohio manager of the Standard Oil Company until six months ago, when he strangely disappeared, has been located living in luxury at Bellmore, near Windsor, Canada." *Held* that, in view of the fact that many of our countrymen who expatriate themselves under such circumstances in Canada are frequently fugitives from justice, (a matter of common knowledge, which the court may judicially notice,) this publication is capable of a libelous interpretation, and, being properly pleaded, is good as against a demurrer.

At Law. Action by Alexander McDonald against the Press Publishing Company for libel. Demurrer to the complaint overruled.

Deming & Walradt, for plaintiff.
Platt & Bowers, for defendant.

WALLACE, Circuit Judge. This is a demurrer by the defendant to a complaint in an action for libel. The complaint shows that the defendant printed and published of and concerning the plaintiff, a citizen of the state of Ohio residing at the city of Cincinnati, the following alleged defamatory matter:

"Missing Millionaire McDonald Located.

"Cincinnati, O., Aug. 17. McDonald, southern Ohio manager of the Standard Oil Company until six months ago, when he strangely disappeared, has been located living in luxury at Bellmore, near Windsor, Canada."

The innuendo is stated as "meaning and intending to accuse the plaintiff of odious and disgraceful conduct, and to bring him into disrepute and disgrace, and meaning and intending that the plaintiff was obliged to secretly run away to Canada, and that he was there found living in luxury on his ill-gotten gains."

It is insisted by the demurrer that the complaint does not set forth a cause of action, because the publication is not libelous. The construction which is to be put by the court upon a publication which is alleged to be libelous is to be derived as well from the whole scope and apparent object of the publication as from the expressions used. It is not to be dissected and analyzed to see whether the several parts, standing alone, are innocuous, but is to be read as a whole, in order to ascertain what general impression it is calculated to convey to those who see it. Spencer v. Southwick, 11 Johns. 592; Fidler v. Delavan, 20 Wend. 57; Cooper v. Greeley, 1 Denio, 347; Beardsley v. Tappan, 1 Blatchf. 588. If, when thus read, the language is equivocal, and capable of being understood as conveying an injurious imputation, even though it is also capable of an innocent meaning, it is not for the court, but for a jury, to determine in what sense the language is used.

Applying these rules, the question here is whether a jury would be authorized to find that the publication, in any sense which can be legitimately put upon it, is calculated to injure the reputation

of the plaintiff in the common estimation of mankind, expose him to contumely, or make him contemptible or ridiculous.   If it is, it is libelous, although it imputes no crime.   Undoubtedly, a man may mysteriously disappear while holding a position of trust and prominence, secrete himself for several months, and then be found living lavishly in a foreign country, who has not offended the civil or criminal laws, or been guilty of any immoral or discreditable conduct.   On the other hand, it is a matter of common knowledge that those of our countrymen who expatriate themselves under such circumstances in Canada are frequently fugitives from justice.   So often is this the case that it is not too much to say that the first impression upon reading a paragraph like this would be that the person referred to in it had been guilty of some breach of trust, and joined the colony of American embezzlers and defaulters who have found a haven of refuge, safe under the extradition laws, among our Canadian neighbors.   It was said by De Grey, C. J., in King v. Horne, Cowp. 672: "A man is not allowed to defame in one sense, and defend himself in another." Whether a libelous sense or an innocent sense is to be attributed to the present publication must be determined by a jury, under proper legal instructions.   The court cannot undertake to say, as a matter of law, in which sense the words are to be understood.

Matters of common knowledge do not require proof, but the courts take judicial notice of them.   If, in the light of such knowledge, the publication is capable of a libelous meaning upon its face, the complaint states a good cause of action, notwithstanding no extrinsic facts are set forth explanatory of the language used.

The demurrer is overruled, with costs.