(27 Misc. Rep. 262.)

FUNSON v. PHILO et al.

(Supreme Court, Special Term, Clinton County.   April, 1899.)

1. DEMURRER—FORM OF DECISION.
   No prescribed words are provided in which to express a decision on a demurrer, and it is sufficient if it decides the question at issue, and can be understood.
2. SAME—EFFECT OF DECISION.
   A decision, under Code Civ. Proc. § 1021, providing that the decision of the court upon the trial of a demurrer must direct the final or interlocutory judgment to be entered thereupon, is not an order, but the basis of a judgment of record, and must be either interlocutory or final, and before entry by the clerk a roll must be made up.
3. SAME—ENTRY OF JUDGMENT.
   Under a decision of the court dismissing a demurrer, and directing judgment for plaintiff, with leave to defendant to answer within 20 days, an interlocutory judgment must first be entered, after which the defendant has 20 days in which to answer, and a final judgment entered without it will be set aside.

Action by Thomas Funson, administrator, against Lewis N. Philo and others.   Judgment entered for plaintiff on demurrer.   Motion to set aside granted.

Ostrander & Salisbury, for plaintiff.
Edgar Hull, for defendants.

KELLOGG, J.   The defendants demurred to the complaint herein upon the sole ground that it failed to allege facts sufficient to constitute a cause of action.   The issue of law was tried at special term, held at Amsterdam, December 24, 1898, and a decision was then signed by the presiding justice, which, after reciting certain preliminary matters, reads as follows:

"Ordered, that defendant's demurrer be and the same is hereby overruled, with costs, and that plaintiff have judgment for the relief demanded in the complaint, with leave to the defendant to answer within twenty days from the service of this order on payment of costs."

That this is a sufficient declaration to constitute a decision, as the Code contemplates, it seems to me beyond question.   No stated form and no prescribed words are provided by the Code in which to express a decision.   It answers the requirements if it can be seen that the court decided the question at issue, and it can also be understood how it decided.   Whether the decision is expressed in good or bad English, or in good or bad form, in prose or in rhyme, it will serve if it can be seen that the issues at law were by the court determined. The only thing which is not plain in this practice is how the courts have been able to make it difficult to the practitioner.   Section 1021 of the Code says:

"The decision of the court  *  *  *  upon the trial of a demurrer  *  *  * must direct the final or interlocutory judgment to be entered thereupon.  *  *  * When it directs an interlocutory judgment, with leave to the party in fault to plead anew or amend,  *  *  *  it may also direct the final judgment to be entered if the party in fault fails to comply with any of the directions given or terms imposed."

The decision of the court on such an issue is not an order. The decision is the basis of a judgment of record, and it must be either interlocutory or final, and, before entry by the clerk, a roll in either case must be made up. The decision here provides for an interlocutory judgment in the first instance, and a final judgment in case defendant should fail to comply with the terms imposed; such final judgment in this case requiring no further application to the court, but might be entered by the clerk on proof of noncompliance with the terms imposed. The error in practice, which counsel for plaintiff has apparently fallen into, comes from treating the decision of the court as an order. It is apparent no interlocutory judgment has been entered herein; and the entry of the final judgment is premature. After the filing of a proper roll and entry of an interlocutory judgment, based upon the decision and notice thereof, the defendant will have 20 days in which to answer over, in case he does not choose to appeal. The entry of the final judgment herein was irregular, and should be set aside, and it is so ordered.

Ordered accordingly.