Mary K. Morse, Respondent, *v.* The Press Publishing Company, Appellant.

*Pleading the evidence of facts is bad — libel — what is a charge of unchastity — jus-*
*tification as to one of several libels — what is a decision.*

A pleading which alleges the evidence of facts instead of the facts themselves, is bad in form.

An article which alleges that a husband awoke one day and found that his wife had tired of the empty luxury of her life, and, longing for a love she did not receive, had all unwittingly *found consolation elsewhere;* that Sprague (the husband) then recognized his position; that he knew his wife was *not wholly wrong;* that he was *to blame also;* that he shouldered the responsibility of giving her freedom; that *there was no scandal;* that he would not let scandal touch *the innocent head of his little boy,* but that he so arranged that a divorce was secured and the wife was left free to marry, is, so far as it concerns the wife, susceptible of but one guilty meaning, to wit, that it charged the wife with the offense of unchastity and adultery.

*It seems,* that where several distinct libels contained in the same article are set forth as separate causes of action, the defendant may justify as to any one of the libels without justifying as to all of them.

A decision embodied in an order sustaining a demurrer and directing the entry of an interlocutory judgment, which order is signed as decisions and *ex parte* orders are usually signed, and is not directed to be entered, is a sufficient decision within sections 1010 and 1021 of the Code of Civil Procedure.

Appeal by the defendant, The Press Publishing Company, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 29th day of November 1899, upon the decision of the court, rendered after a trial at the New York Special Term, sustaining the plaintiff's demurrer to the second defense of the amended answer.

*John M. Bowers,* for the appellant.

*Eugene H. Lewis,* for the respondent.

Barrett, J.:

This is an action for an alleged libel, which consists of an article concerning the plaintiff, published in *The World.* The entire article is set forth in the 3d paragraph of the complaint. In the 4th paragraph the plaintiff alleges that " The whole of said article, and especially so much of it as is hereinafter specially referred to, was

wickedly and maliciously contrived and intended by defendant to injure plaintiff in her good name, fame and credit, and to bring her into public scandal, infamy and disgrace with and among her neighbors and all good citizens, *and* to cause it to be suspected and believed by those neighbors and citizens that the plaintiff had been guilty of the sin, offense and misconduct of unchastity and adultery, and the portions thereof following particularly were so contrived and intended to so injure this plaintiff." The plaintiff then avers these particular portions, with appropriate innuendoes connecting the words with herself and others, and sums these averments up with the allegation that the defendant intended to convey the meaning that the plaintiff " had been guilty of the offense and sin of unchastity and adultery, and that her then husband had discovered the fact of the commission of adultery by plaintiff, and because of his knowledge of plaintiff's infidelity and commission as aforesaid of the offense and sin of adultery, had caused a divorce to be obtained between him and the plaintiff."

The defendant, in its first defense, admits that it is a corporation, and denies each and every other allegation contained in the complaint. In its second defense — that demurred to — it admits the publication of the article, and then attempts to justify it. The question presented by the demurrer arises upon this attempted justification. Its plea on that head relates to the non-libelous parts of the article, but does not touch the really libelous. The pleader seems to have gone carefully over the article and pleaded minutely the truth of all the immaterial matter contained in it, and, indeed, of all the matter — whether of fact or evidence — which led up to the real libel, aggravating the latter by pleading additional defamatory matter. There he stopped. So far as the defendant pleads the evidence of facts, instead of the facts themselves, the plea is bad in form. (*Fidler* v. *Delavan*, 20 Wend. 60.) As to its substance, it is defended upon two grounds: *First*, that the article contains several other libels besides that specifically charged by the innuendoes, and that as the whole article is alleged to be libelous the defendant has a right to justify independently as to such other libels; *second*, that even as to the specific libel charged by the innuendoes the defendant has a right to justify by alleging the truth of the words, taken in their natural and obvious signification.

The appellant's first position would be well enough if it were right in its view of the article and of the plaintiff's charges with regard thereto. If an article contains several distinct libels, set forth as separate causes of action, the defendant can doubtless justify as to one of such libels without justifying as to all of them. The rule that the justification must be as broad as the charge is satisfied if the justification of any one distinct libel is as broad as the charge which constitutes that libel. (*Lanpher* v. *Clark*, 149 N. Y. 472.) A defendant who can justify as to one such libel, cannot be deprived of his plea to that effect merely because other libels, as to which he cannot justify, are contained in the article which embodies them all. But that is not this case. There are no other libels in the article in question save the single one charged by the plaintiff. For instance, it was not a libel upon the plaintiff to say that the story which lay behind her marriage was the old sad one of incompatibility; or to say that, so far as appearances went, the marriage was a very happy one, but was not; or that her former husband was so interested in his work that he forgot that he had a home or a wife or a child; or that that former husband (Sprague) so arranged that a divorce was secured and the plaintiff was free to marry. Whatever Sprague might justly have claimed as to these latter statements, they impute no misconduct or impropriety to the plaintiff. The only words which can be construed as defamatory in their relation to her are those specified in the passages characterized by the innuendoes, namely, that Sprague awoke one day and found that she had tired of the empty luxury of her life, and longing for a love she did not receive had, all unwittingly, *found consolation elsewhere;* that Sprague then recognized his position; that he knew his wife (the plaintiff) was *not wholly wrong;* that he was *to blame also;* that he shouldered the responsibility of giving her freedom; that *there was no scandal;* that he would not let scandal touch *the innocent head of his little boy,* but that he so arranged that a divorce was secured and the plaintiff was free to marry.

The plaintiff charges no other libel save that contained in these passages from the article in question. Her cause of action is single and indivisible. She charges that these words impute to her

unchastity and adultery, and she must stand or fall by this charge. As no other libel is contained in the article, and as no other libel is averred in the complaint, it follows that this defense of the plea fails.

The appellant's second position is that the specified words upon which the plaintiff charges an imputation of unchastity and adultery are ambiguous; that the jury may negative the innuendoes and yet hold that the words, taken in their natural and ordinary meaning, are libelous. Not libelous as charged in the innuendoes, but libelous as charging some misconduct or impropriety other than unchastity and adultery. If the words in question admit of any other guilty meaning save that attributed to them in the innuendoes, the defendant may be right in this position. The rule is well stated by Mr. Odgers in his work on Libel and Slander (at *p. 100), as follows: " He (the defendant) can either deny that he ever spoke the words, or he can admit that he spoke them but deny that they conveyed that meaning. He can also assert that the words he spoke were true, either with or without the alleged meaning. It will then be for the jury to say whether the plaintiff's innuendo is borne out. If not, the plaintiff may fall back upon the words themselves, and urge that, taken in their natural and obvious signification, they are actionable *per se* without the alleged meaning, and that, therefore, his unproved innuendo may be rejected as surplusage."

The fallacy of the defendant's contention upon this point is in the assumption that some misconduct or impropriety, other than that charged in the innuendoes, may be legitimately inferred from the natural meaning and import of the specified words. It is evident that these words can have no other guilty meaning save that which the plaintiff attributes to them. If they do not impute unchastity and adultery they plainly impute nothing criminal, and their meaning is innocent. The defendant can only assert in justification that the words were true either with the guilty meaning alleged by the plaintiff, or with some other guilty meaning. It certainly cannot justify as to words which are not libelous, and if the words here set forth are not libelous as charged by the plaintiff they are not libelous at all. Mr. Odgers supplements what we have quoted by the further correct observation that the defendant " may not during the trial set up a third construction of the words, dif-

ferent both from their *prima facie* meaning and from that pointed by the innuendo." (P. *101.) We agree with the plaintiff that by her innuendoes here she has limited and confined her complaint to an imputation of unchastity and adultery, and, consequently, that any justification pleaded must squarely meet the charge in the sense thus alleged. Should the jury find against the plaintiff as to the alleged meaning of the particularized words, she must fail, for, as already pointed out, these words can have no other guilty meaning. If the plaintiff "found consolation elsewhere," she found it either in an innocent or in a guilty association; and if in the latter, then, giving to the words their ordinary meaning, and construing them " as it would be understood by mankind in general " — which is the test (*Fidler* v. *Delavan, supra*) — her guilt could only be that of unchastity and adultery. The defendant was bound, by its plea, to meet what is thus the "sting of the libel," and its justification was required to be as broad as the essential charge. (*Brush* v. *Blot*, 16 App. Div. 80; *Young* v. *Fox*, 26 id. 267; *Fidler* v. *Delavan, supra*.) That charge — the imputation of unchastity and adultery — is clearly the gist of the plaintiff's action.

We think, therefore, that the defendant's plea of justification was bad, both in form and in substance.

A point is made as to the form of the decision. It was embodied in an order, reciting the pleadings and the question presented by the demurrer. The order sustaining the demurrer and directing the entry of an interlocutory judgment then follows this recital. The learned trial justice did not direct the entry of this order. He signed it as decisions and *ex parte* orders are usually signed. We think this was a sufficient decision within the meaning of sections 1010 and 1021 of the Code of Civil Procedure. (*Eaton* v. *Wells*, 82 N. Y. 576; *Garland* v. *Van Rensselaer*, 71 Hun, 1; *Funson* v. *Philo*, 27 Misc. Rep. 262.)

The interlocutory judgment appealed from should be affirmed, with costs.

Van Brunt, P. J., Rumsey, O'Brien and Ingraham, JJ., concurred.

Judgment affirmed, with costs.