## VINCENT v. STEARNS.

(Supreme Court, Appellate Term. April 24, 1905.)

PRACTICE—TRIAL OF DEMURRER—"DECISION IN WRITING"—SUFFICIENCY.

Under Code Civ. Proc. §§ 1010, 1021, providing that upon the trial of an issue of law a decision in writing shall be filed, and that upon the trial of a demurrer the decision must direct the final or interlocutory judgment to be entered, an order overruling a demurrer and directing an interlocutory judgment while not a decision in writing strictly complying with the requirements of the Code, is sufficient to support an interlocutory judgment.

Appeal from City Court of New York, Special Term.

Action by John Vincent against John Noble Stearns. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before SCOTT, P. J., and LEVENTRITT and GREENBAUM, JJ.

Hitchings & Palliser (Hector M. Hitchings, of counsel), for appellant.

Charles C. Sanders, for respondent.

LEVENTRITT, J. The plaintiff, as substituted trustee, under an agreement made between husband, wife, and a designated trustee, sues in his individual capacity to recover of the defendant, as guarantor of the husband's obligation, the amount of two installments which the husband failed to pay under the terms of the agreement. The defendant demurred on two grounds: First, that the plaintiff had not the legal capacity to sue; and, secondly, that the complaint did not state facts sufficient to constitute a cause of action.

The chief question to be noticed is one of practice. The demurrer was overruled below. No formal decision was made by the court in compliance with sections 1010 and 1021 of the Code of Civil Procedure, requiring that upon the trial of an issue of law by the court its decision in writing be filed, and that upon the trial of a demurrer

the decision must direct the final or interlocutory judgment to be entered thereupon. Instead the court made an order the material portion of which reads:

"Ordered, that said demurrer be overruled, and that plaintiff have leave to enter interlocutory judgment thereon, overruling said demurrer, with his costs, to be taxed, but with leave to the defendant to withdraw said demurrer and answer within five days after entry of and service of such judgment on payment of said costs to be taxed and included in such judgment."

On this an interlocutory judgment was entered, and this appeal taken therefrom. The point is made that the interlocutory judgment is irregular, and without any proper foundation. It recites that the decision in writing has been made and filed, and the question is whether the order can be treated as a decision. The Code dispenses with findings of fact in the decision of a demurrer. While the more correct practice is, doubtless, to make and file a decision which shall be such in form as well as in effect, I am of opinion that there has been sufficient compliance with the Code requirements. In the case of Eaton v. Wells, 82 N. Y. 576, the court say:

"There are no findings of fact on the hearing of a demurrer. None are to be found. The pleadings contain them; and, conceding them to be as the pleadings state them, the conclusion of law is this or that. But it is said that there was no decision in writing filed with the clerk, in pursuance of 1010 of the Code. We think that the order for judgment in this case is a sufficient decision in writing to meet the demand of that section."

In Funson v. Philo, 27 Misc. Rep. 262, 58 N. Y. Supp. 419, an order similar to the one at bar was treated as a decision answering the requirements "if it can be seen that the court decided the question at issue, and it can also be understood how it decided." In Garland v. Van Rensselaer, 71 Hun, 1, 24 N. Y. Supp. 783, an order for judgment on a demurrer without any formal decision was held sufficient. This case was affirmed without opinion by the Court of Appeals. 140 N. Y. 638, 35 N. E. 892. Morse v. Press Publishing Co., 49 App. Div. 375, 63 N. Y. Supp. 423, is to the same effect. Garrett v. Wood, 57 App. Div. 244, 68 N. Y. Supp. 157, after a review of the authorities, holds that an order overruling the demurrer and directing judgment against the party interposing the demurrer, signed by the clerk instead of by the judge presiding at the trial of the issue of law, is a sufficient decision under the Code. The most recent expression of opinion is to be found in a decision rendered at the March term of the Appellate Division of this department, where the court say:

"There is also an appeal from what is designated the order entered overruling the demurrer interposed by the defendant to the amended complaint, and directing that an interlocutory judgment be entered. In effect, this order is a decision determining a question of law and directing the judgment to be entered." Rankin v. Bush (Sup.) 92 N. Y. Supp. 866.

I have found but two cases holding directly the other way. In Village of Palmyra v. Wynkoop, 53 Hun, 82, 6 N. Y. Supp. 62, it was held without citation of authority, and on very strict and literal construction of the Code, that an order directing the entry of an interlocutory judgment could not take the place of a decision

in writing by the court. A subsequent case was rested on this one without opinion. People ex rel. Palmer v. Fries, 61 App. Div. 612, 69 N. Y. Supp. 1143. Stoddard v. Bell, 100 App. Div. 389, 91 N. Y. Supp. 477, decided in this department, is not necessarily in conflict with the weight of authority. There it was said:

"The basis for the interlocutory judgment appears to be an order, instead of a decision, which it should be, although it is signed by the justice who tried the issue. Even if it can be construed as a decision, it is not appealable."

This does not hold that an order like the one at bar cannot be given the effect of a decision. That it can is involved in the later case decided by the same court, and already referred to. Rankin v. Bush, supra.

On this review of the precedents I am satisfied that, while the more desirable and orderly practice was not adopted, the omission to file a formal decision did not deprive the interlocutory judgment of legal support.

On the merits the defendant's material contentions are answered by the cases of Considerant v. Brisbane, 22 N. Y. 389, and Wetmore v. Hegeman, 88 N. Y. 69, so far as lack of capacity is alleged, and by the case of Adams v. Adams, 91 N. Y. 381, 43 Am. Rep. 675, so far as lack of consideration is urged. The defendant's obligation was, in effect, a guaranty of payment, which did not require demand of or suit against the principal. These questions are satisfactorily disposed of in the opinion below. The judgment should be affirmed, with leave to answer within six days upon the payment of costs.

Judgment affirmed. All concur.