ROBERT GRENE, Respondent-Appellant, v. ROBERT H. BAILEY, Appellant-Respondent, et al., Defendants.— The allegations of the complaint are so conflicting and confusing with respect to both the facts and theory of the action that it should not be allowed to stand as a pleading. It is not clear, for example, as to

whom the property involved was sold or on what terms, whether plaintiff is suing for an accounting of his interest or for damages for some fraud, or for an agreed amount under a contract. Insofar as appealed from by the defendant Bailey the order is reversed, with $20 costs and disbursements to the defendant-appellant-respondent, and the amended complaint is dismissed as against the defendant Bailey with leave to replead. As this is the second complaint which has been found insufficient, however, if plaintiff elects to continue the action he should frame a complaint which is plain, clear and concise. Insofar as appealed from by the plaintiff the order is affirmed. Present — Peck, P. J., Dore, Callahan, Breitel and Bastow, JJ.; Dore and Breitel, JJ., dissent in the following memorandum: The order appealed from should be modified so as to deny defendant's motion to dismiss the second cause of action, and as so modified the order should be affirmed, without costs. The pleading is ineptly drawn but the first cause of action sufficiently alleges a joint ownership from which on the further allegations a fiduciary relationship is established entitling plaintiff to an accounting. It is fair to infer from the allegations of receipt of proceeds that the proposed sale was consummated. Hence, the first two causes of action should be sustained. No issue has been raised as to the third cause of action.