PAYROLLS & TABULATING, INC., Appellant-Respondent, *v.* SPERRY RAND CORPORATION, Respondent-Appellant.

First Department, March 30, 1965.

*Michael A. Bamberger* of counsel (*George G. Gallantz* with him on the brief; *Proskauer Rose Goetz & Mendelsohn,* attorneys), for appellant-respondent.

*Melvin D. Goodman* of counsel (*Lino A. Graglia* with him on the brief; *Chadbourne, Parke, Whiteside & Wolff,* attorneys), for respondent-appellant.

STEVENS, J. These are cross appeals from an order entered November 26, 1963, granting in part and denying in part defendant's motion to strike portions of the amended complaint. The order directed dismissal of the third, fourth, fifth and sixth causes of plaintiff's amended complaint for insufficiency. The complaint consists of six causes of action. Broadly speaking, they may be classified as follows: the first cause for breach of contract; the second cause for breach of warranty; the third cause unfair competition by disparagement for which an injunction is sought; the fourth cause unfair competition by disparagement for which money damages are sought; the fifth cause an alleged breach of a fiduciary relationship, and seeking an injunction; the sixth cause alleging a breach of a fiduciary relationship for which money damages are sought.

" Every pleading shall consist of plain and concise statements in consecutively numbered paragraphs. Each paragraph shall contain, as far as practicable, a single allegation. * * * Separate causes of action * * * shall be separately stated and numbered and may be stated regardless of consistency " (CPLR 3014). " Statements in a pleading shall be sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense " (CPLR 3013). (*Greene* v. *Bailey,* 282 App. Div. 856; *Kramer* v. *Loeb, Rhoades & Co.,* 20 A D 2d 634; *Foley* v. *D'Agostino,* 21 A D 2d 60.)

Tested by the standards enumerated, the first cause of action is deficient. The second cause repeating the allegations of the first and adding an entirely separate cause of action and espousing a different theory, suffers from a like infirmity. The complaint as a whole is unnecessarily complicated.

In the first cause plaintiff joins a cause, or causes, of action for alleged breach of contract, or contracts, with the charge of a business tort of disparagement and unfair competition. If the alleged breaches stem from a single source contract, the fact should appear clearly. If based upon several contracts the pleading should, to that extent, be separate causes.

The third and fourth causes of action seek to allege unfair competition by disparagement. Here again the reallegation of the first cause of action results in the joining of several causes of action in a single cause. In the third cause plaintiff seeks an injunction, the fourth cause money damages.

Disparagement has been defined as " [m]atter which is intended by its publisher to be understood or which is reasonably understood to cast doubt upon the existence or extent of another's property in land, chattels or intangible things, or upon their quality, is disparaging thereto, if the matter is so understood by its recipient." (Restatement, Torts, § 629.) Generally there must be intentional communication to a third person, without privilege, resulting in direct financial loss to the party whose interest is disparaged. (Restatement, Torts, § 630 *et seq.*) Actually the cause seems to have developed from the old action on the case. (See *Benton* v. *Pratt,* 2 Wend. 385.) There it was held sufficient to sustain the action that " there is the assertion, on the part of the defendant, of an unqualified falsehood, with a fraudulent intent as to a present or existing fact, and a direct, positive and material injury resulting therefrom to the plaintiff " (p. 390). Recovery was allowed in the case cited even though the contract plaintiff had with third parties and with which defendants interfered might not have been enforcible by plaintiff against such other parties where the evidence showed such parties would have performed. It seems, though the contract interfered with was not binding under the Statute of Frauds, if it would have been performed, recovery is allowed (*Rice* v. *Manley,* 66 N. Y. 82). Nor is it necessary to plead *in haec verba.* " Falsehoods can be communicated as well by acts as by words. Whether by language or not, they involve conduct which deceives third persons and thereby induces them to act in reference to the plaintiff in such a way as to cause financial loss " (1 Harper & James, Torts, p. 489; *Walters* v. *Clairemont Sterilized Egg Co.,* 242 N. Y. 521).

Disparagement and resulting liability may also exist with respect to interference with " reasonable economic expectancies " (1 Harper & James, Torts, p. 510) if plaintiff proves it would have procured and received the contract but for the wrongful and illegal interference of defendants (cf. *Union Car Adv. Co.* v. *Collier,* 263 N. Y. 386, 400, 401). Certainly plaintiff's business is a property.

The authorities apparently are not wholly in accord on the necessity of pleading special damages in cases of disparagement. Disparagement has sometimes been called " injurious falsehood " and disparagement of title referred to as " slander

of title ", while disparagement of property is frequently termed " trade libel ". (Harper & James, Torts, pp. 474–475). Generally speaking, if the disparagement of goods or of their quality also directly impeaches the knowledge, skill, integrity, etc. of the owner of the goods as an individual or in respect to his business methods, it is actionable per se and no special damages need be shown (*White* v. *Delavan,* 17 Wend. 49; *Marlin Fire Arms Co.* v. *Shields,* 171 N. Y. 384). But if it is merely disparagement of a product, special damages must be alleged and proved. "If the special damage was a loss of customers * * * the persons who ceased to be customers, or who refused to purchase, must be named. * * * [I]f they are not named no cause of action is stated." (*Drug Research Corp.* v. *Curtis Pub. Co.,* 7 N Y 2d 435, 441, citing *Reporters' Assn. of America* v. *Sun Print. & Pub. Assn.,* 186 N. Y. 437, 442; *Marlin Fire Arms Co.* v. *Shields,* 171 N. Y. 384; 35 N. Y. Jur., Libel & Slander, § 194 *et seq.*; 9 ALR 2d 230 n.)

One of the difficulties with plaintiff's pleading of the third and fourth causes of action is the determination of the category of claimed disparagement. Moreover, where the aid of equity is sought a mere allegation of inadequacy of legal remedy or difficulty in ascertainment of the measure of damage will not warrant its intervention, nor change an action at law into one in equity.

The fifth and sixth causes of action do not sustain the claimed existence of a fiduciary relationship and a breach thereof. Plaintiff apparently is complaining of and seeking to assert a claim based on wrongful use of information procured by a competitor (cf. Restatement, Torts, §§ 757, 759). What is, without more, a conventional business relationship, does not become a fiduciary relationship by the mere allegation. The causes are deficient.

The order appealed from should be modified on the law, and in the exercise of discretion to dismiss the complaint in its entirety, without costs or disbursements, and with leave to plaintiff to replead.

BREITEL, J. P., VALENTE and STEUER, JJ., concur.

Order, entered on November 26, 1963, unanimously modified, on the law, and in the exercise of discretion to dismiss the complaint in its entirety, without costs or disbursements, and with leave to plaintiff to replead.