## SUPREME COURT.

### GEORGE S. BUTLER agt. ELIJAH L. WOOD.

Where a *general* demurrer is interposed to two distinct causes of action in slander. if either cause of action is held good, the demurrer must be overruled.

In this case, one statement of the cause of action, in alleging the crime of procuring an abortion or miscarriage, held to be destroyed by the innuendo; and the other statement for the same offence, with a different innuendo, held actionable.

*Monroe Special Term, January, 1853.*—Demurrer to complaint.

The action is for verbal slander. The complaint contains two counts or statements of causes of action, which are sufficiently stated in the opinion.

SIMEON B. JEWETT, *for defendant.*

JOHN H. MARTINDALE, *for plaintiff.*

WELLES, Justice. The complaint alleges and sets forth two distinct causes of action; and the demurrer is general to both of them. If either cause of action is good, the demurrer must be overruled.

In the first count, the words charged, without the innuendos, are as follows :

" I believe he has got Mrs. Brockway down there ; I am perfectly satisfied in my own mind that she is down there, and is pretty sick ; and that what Butler is running down there so much for, he knocked her up ; her time has come around, and he is down there getting a child away from her. He is procuring an abortion upon her."

To the above expression, " her time has come around," is annexed the following innuendo : (" meaning that the usual period of parturition had arrived.")

The plaintiff has thus given a construction to that portion of the words, which, it seems to me, precludes the idea of the commission, or an attempt to commit or produce an abortion or miscarriage. Were it not for this interpretation, which the plaintiff has adopted, and which I think he is bound by, I should have been of the opinion, that the expression referred to might well be construed as meaning that the time for producing an abortion or miscarriage had come round. I understand that there is a time, during the period of gestation, or after conception, before which a miscarriage or abortion cannot be produced, or a time when it can be accomplished with the greatest safety to the female, and that the fœtus must be formed, and at some age or state, in order to be able to produce such

effect ; at least, that such is the popular notion, and that is sufficient for this purpose. And as the defendant used the word *abortion*, which only relates to a premature birth, in the same connection, he intended by the expression " her time has come around," that the proper or best time for producing the abortion had arrived, thus making it relate, either to the stage of the pregnancy, or to the time when it was discovered.

But, it seems to me, the plaintiff has precluded himself from the benefit of this construction, by his express allegation of the other, to wit : that the time for the delivery of a mature child had arrived. It must, therefore, be intended, that whatever act or offence the words imputed, it was something done at the regular period of parturition. Adopting, therefore, the plaintiff's interpretation of the words in the first count, they do not impute to him an offence involving moral turpitude, for which he could be punished criminally.

In the second count, the innuendo to the words, " her time has come around," is as follows : " meaning and intending that the said Ann Brockway had gone to Rochester to be delivered of a quick child ;" and then it is added, " and he is down there getting a child away from her. He is down there procuring an abortion upon her."

These words, I think, are actionable. By section 2 of ch. 260 of Sess. L. of 1845, (*p.* 286,) any person who shall use any means whatever, with intent thereby to procure the miscarriage of any woman pregnant with a quick child, shall, upon conviction, be punished by imprisonment in a county jail, not less than three months, nor more than one year.

The charge is, that the plaintiff was procuring an abortion upon Mrs. Brockway. " Abortion " is defined to be the act of miscarrying, or producing young before the natural time, or before the fœtus is perfectly formed : The fœtus brought forth before it is perfectly formed. He could not be procuring an abortion without using some means, with that intent, to that end. The words charged, do, therefore, impute to the plaintiff, in substance, the offence mentioned in the statute. That of-

fence clearly involves moral turpitude, and is punishable by indictment as a crime.

As the last count is good, and the demurrer general to both counts, there must be judgment for the plaintiff, with leave to the defendant to answer on payment of costs.(*a*)