Ella G. McMurry and Husband, Respondents, v. George Martin, Appellant.

Kansas City Court of Appeals, May 23, 1887.

1.  Libel—Presumption as to Words Being Defamatory—Description of Libel.--The presumption that words are defamatory arises much more easily in cases of libel than in cases of slander. A libel is a censorious or ridiculous writing, picture, or sign, made with a mischievous and malicious intent towards government, magistrate,

or individual; and any printed publication that tends to bring a man [or woman] into disrepute, ridicule, or contempt, is a libel in a legal sense.

2. Practice — Amendment— Conforming the Pleadings to the Proof.—It is the duty of trial courts, under the statutes, to allow amendments to be made at the trial, conforming the pleadings to the proof. If the defendant is not ready to meet the case as *amended*, his remedy is an application for a continuance.

3. ——— Instructions Based on No Evidence.—It is error to instruct upon matters in the petition *sustained by no evidence*, but disproved by it.

Appeal from Holt Circuit Court, Hon. H. S. Kelley, Judge.

*Reversed and remanded.*

T. H. Parrish, for the appellant.

I.   The court erred in admitting *any evidence* under the petition, and in overruling the defendant's *demurrer to the evidence*. The matter charged to have been published by the defendant *is not libelous per se*, and the case should not have been submitted to the jury. *Nelson v. Musgrave*, 10 Mo. 648; *Babb v. Ellis*, 76 Mo. 457; *Price v. Whitely*, 50 Mo. 439, 441; *Legg v. Dunlavey*, 80 Mo. 558, 562; *Price v. Sims*, 2 Harr. 417; Towns. Lib. & Slan., sect. 197; *Olmstead v. Brown*, 12 Barb. 662.

II.   The words contained in the petition not being *per se* libelous, it *was the duty of the plaintiffs to make them so*, by the proper *prefatory allegations*, and, having failed to do so, they cannot recover. *Bundy v. Hart*, 46 Mo. 460; *Legg v. Dunlavey*, 80 Mo. 558, 563, and authorities there cited; *Hayes v. Mitchell*, 7 Black. 117; *Kinyon v. Palmer*, 18 Ia. 377; Towns. on Lib. & Slan., sect. 142.

III.   The court erred in permitting the plaintiffs to amend their petition *after the close of the testimony*, and in submitting the issues to the jury on the *petition as amended*. (*a*) The words set out in the amendment

are not *per se* libelous, and, therefore, *not actionable.* (*b*) The said amendment *changed the cause of action*, and *tendered new issues*, which the defendant had no opportunity to meet. Amendments changing the cause of action, or (which is the same thing) the issues which the defendant must meet by testimony, or suffer defeat, should not be allowed. 1 Rev. Stat., p. 610, sect. 3567; *Gaston v. Canada*, 39 Mo. 357, 64, 65; *Gibson et al. v. Steamboat*, 40 Mo. 253; *Irwin v. Giles*, 28 Mo. 576, 578; *Parker v. Rhodes*, 79 Mo. 88, 92; *Fields v. Maloney*, 78 Mo. 172, and authorities cited; *Glass v. Gelvin*, 80 Mo. 297, 302.

IV. It is useless to cite authorities that instructions not predicated on the facts are erroneous. They *virtually told the jury* that it was their duty to *find for the plaintiff*, and that the facts stated should be considered in mitigation of damages; *i. e.*, she was damaged, and, when the jury went to consider her damage, they might take into consideration her reputation, etc. Specially is this true of numbers four and five. The instructions ought to have told the jury *that, if they found for the plaintiff*, then the *facts stated should be taken into consideration.*

CROSBY, RUSK, and STRONG, for the respondents.

I. It was properly left to the jury to say what the letter contained. None of the witnesses remembered the *entire contents* of the letter, and did not wholly agree as to what they did remember.

II. If defendant had claimed that the letter contained any "antidote" not set forth in the petition, a motion to set out the entire letter would have been proper, but no such claim, or motion, was made.

III. It was *for the jury* to say, not only *what the publication was*, but, also, *whether it was libelous or not*. Towns. on Lib. & Slan., sect. 286; *Snyder v. Andrews*, 6 Barb. 43; *Van Vactor v. Walkup*, 46 Cal. 124; Odgers on Lib. & Slan. star page 94. The constitution

of the state of Missouri declares that "the jury, under the direction of the court, shall *determine the law and the fact.*" Art. 2, sect. 14. This section applies to *civil,* as well as *criminal,* prosecutions. The words of the court in *State v. Goold* (62 Me. 509), are in point : "While, therefore, it is undoubtedly true that the question of libel, or no libel, is purely a question of law, we cannot doubt that it is the province of the jury in this state, by virtue of the constitutional provision referred to, to answer it." Section 288 of Townshend on Slander and Libel, cited by appellant, does not support his position, but merely states that the court should determine what constitutes *privilege,* when that defence is pleaded.

IV. The direction of the court that, what would "tend to bring her into disrepute, ridicule, or contempt, or disgrace," would be a libel on the female plaintiff, if not justified nor excused, was in accordance with the law, and followed the definition quoted and approved in *Nelson v. Musgrave* ( 10 Mo. 648 ), to-wit : "Any malicious printed slander which tends to expose a man to ridicule, contempt, hatred, or degradation, is a libel;" also that quoted and approved in *Hermann v. Bradstreet Co.* (19 Mo. App. 231), to-wit : "Any printed publication that tends to bring a man into disrepute, ridicule, or contempt, is a libel in a legal sense." 2 Kent's Com. 17 ; *Rice v. Simmons,* 2 Harr. 417. That words of a similar import, or the same words, when spoken, would not be actionable is no argument against their being libelous. *Nelson v. Musgrave,* 10 Mo. 648.

V. *Prefatory allegations* of *extrinsic matters* and facts are necessary only when the words complained of, "do not of themselves *convey the meaning* which the plaintiff would attribute to them, and such meaning only results from some extrinsic matter of fact." *Legg v. Dunleavy,* 80 Mo. 564. *No prefatory allegations* would render the tendency and intention of defendant's letter plainer than appears from the contents themselves.

VI. The *amendment* introduced no new cause of action, and did "not change substantially the claim."

VII. If defendant objected to submitting to the jury all the publication charged, on the ground that parts of it were not libelous, he should *have moved the court* to rule plaintiffs to specify upon what *particular part or parts* they relied as being libelous. Not doing so, the question *of what was libelous* was properly left to the jury. *Boogher v. Knapp*, 76 Mo. 457.

ELLISON, J.—This is an action for libel in which it is alleged that "defendant composed, dictated, wrote, and published, and caused, procured, and requested to be written and published of, and concerning, the female plaintiff, the following false, slanderous, and libelous words, that is to say: 'I received a letter from old Mrs. McMurry.' 'She is like an old sheep and has twins at every litter.' 'She stinks like old cheese.' 'She stopped at my house once to warm her titties.' 'Her teeth are like an old goat's.' 'Her temples are like fine-cut tobacco.' 'She has invited me up to her house to play hide and seek with her.' 'The men in the neighborhood are going to establish a post office of their own, in order that their wives may not get the letters which old Mrs. McMurry sends them.' 'She is like an old ewe, bringing forth twins at every litter.'"

After all the evidence was in on both sides, the court permitted the plaintiffs, against the objection of the defendant, to amend their petition, as follows:

"Mrs. McMurry, I received your kind epistle, and was surprised to hear from you so soon. Thine eyes are like black walnuts in a frog pond. Thy teeth are like a flock of sheep just fresh from the wash, whereof each one bears twins. Thy temples are like lemon peels in thy locks. Thy garments are as the smell of old cheese. Set me as a seal upon thy heart and upon thy arm. Turn thine eyes from me, for thy heart ravishes my heart. Thy friendship to me is far better than wine.

You forget the time you stopped at my house to warm your breasts, and the time you came up the orchard to see my plum butter. Thy hair is as fine-cut tobacco."

There was a verdict and judgment for plaintiffs, and defendant appeals.

Defendant contends that the words, as set forth in the petition or amendment, were not libelous *per se.* The question as to what is, or is not, libelous, has been so often before the courts of this state that we will not again go into a detailed investigation of the subject. We said, in *Hermann v. Bradstreet Co.* (19 Mo. App. 227), that "the presumption that words are defamatory arises much more easily in cases of libel than in cases of slander." In that case, we likewise quoted from the decisions of our supreme court, the following definition, viz: "A libel is a censorious, or ridiculous writing, picture, or sign, made with a mischievous and malicious intent towards government, magistrate, or individual;" that "any printed publication that tends to bring a man into disrepute, ridicule, or contempt, is a libel in a legal sense." The words herein set out were written of a female and I have no doubt of their being actionable.

The amendment was properly allowed by the court, conforming the petition to the proofs. If defendant was not ready to meet the case as amended, his remedy would have been an application for a continuance.

Instruction number one for plaintiffs contains an error, for which the case must be reversed. It instructs as to the original matter in the petition when there is no evidence to sustain it. The evidence, as presented in the abstract, not denied by the plaintiffs, not only does not support the original charge, but affirmatively shows the language was not contained in the letter.

The judgment will be reversed and the cause remanded. All concur.