### RONNIE v. RYDER et ux.

*(City Court of Brooklyn, General Term.   December 23, 1889.)*

1. LIBEL AND SLANDER—PLEADING—COMPLAINT.
    A complaint which alleges in one paragraph "that defendants are, and at the time of committing the grievances hereinafter mentioned were, husband and wife," and then sets forth three alleged slanders, in the three following paragraphs, sufficiently charges that defendants were husband and wife at the time of utterance of the second and third alleged slanders.

2. SAME—SLANDEROUS WORDS.
    Defendant in an action for slander was alleged to have said: "I am glad Mrs. Ronnie [plaintiff] is out of my premises; she is a dangerous woman, and inclined for men."   *Held*, that the court properly refused to dismiss the complaint on the ground that the words there imputed are not slanderous.[1]

Appeal from trial term.

Action by Jessie D. Ronnie against James Ryder and Catherine Ryder, his wife, to recover damages for slander alleged to have been uttered by Catherine Ryder on three occasions.   Plaintiff pleaded three causes of action.   Defendants' motion to dismiss, as to second and third causes of action, was denied.   Judgment was entered for plaintiff, and a motion for new trial was overruled, and defendants appeal.

Argued before OSBORNE and VAN WYCK, JJ.

*Wm. J. Courtney*, for appellants.   *H. C. Mackrell*, for respondent.

OSBORNE, J.   Plaintiff brought this action to recover damages for slanders alleged to have been uttered on three different occasions against her by the defendant Catherine Ryder, and the same were pleaded as three separate and distinct causes of action.   The defense was a general denial.   Plaintiff obtained a verdict of $500.   Rarely has an appeal come before us in which there was so little merit.   There are but two exceptions in the whole case.   Plaintiff alleged in her complaint, paragraph 3, "that defendants are, and at the time of committing the grievances hereinafter mentioned were, husband and

---

[1] Words imputing want of chastity to a woman are slanderous and actionable *per se.* Upton v. Upton, 4 N. Y. Supp. 936.   See, also, Davis v. Sladden, (Or.) 21 Pac. Rep. 140; Kelly v. Flaherty, (R. I.) 14 Atl. Rep. 876.   In general, as to what words are slanderous, see Seery v. Viall, (R. I.) 17 Atl. Rep. 552, and note; Rosewater v. Hoffman, (Neb.) 38 N. W. Rep. 857, and note; Woodruff v. Bradstreet Co., (N. Y.) 22 N. E. Rep. 354, and note.

wife." The complaint then proceeds to set forth the three alleged slanders as separate causes of action, constituting paragraphs 4, 5, and 6 of the complaint. After plaintiff's counsel had opened, defendants' counsel moved to dismiss the complaint as to the second and third causes of action, on the ground that the complaint fails to charge that defendants were husband and wife at the time of the second and third causes of action. The court denied the motion, and ordered that the complaint be amended so as to charge, in the second and third causes of action, that defendants were husband and wife at the time of the alleged uttering of the words therein charged. To this ruling defendants' counsel excepted. We think that the allegation of paragraph 3 of the complaint, above quoted, was broad enough to cover all the charges; but, even if this were not so, the court, under section 723 of the Code of Civil Procedure, had full power to make the amendment, and the defendants were not surprised or prejudiced thereby.

The third cause of action was that the defendant Catherine Ryder was alleged to have said: "I am glad Mrs. Ronnie [plaintiff] is out of my premises; she is a dangerous woman, and inclined for men." After plaintiff had rested, defendants' counsel moved that the court take from the jury this cause of action, on the ground that the words there imputed are not slanderous. The motion was denied, and defendants excepted. We think that the court was clearly right in denying defendants' motion. If there was any doubt as to whether the words proven imputed unchastity, then it was a question for the jury to determine in what sense the words were uttered and understood. *Hayes* v. *Ball*, 72 N. Y. 418. This, however, the defendants' counsel did not ask for. He sought to strike out the whole cause of action, and we do not think that the court would have been justified in so doing. For the above reasons we are of the opinion that the judgment and order denying motion for a new trial should be affirmed. Judgment and order denying motion for a new trial affirmed, with costs.