the committee is properly in court. Hackley v. Draper, 4 Thomp. & C. 614, 631.

. The committee having, as such, received the fund, and still holding it in that capacity,. the action was, I think, maintainable against him in the same capacity, and the referee erred in holding to the contrary. A reversal as to the plaintiff Dunham must follow. As such reversal would open the question of the validity of the assignment by her, the proper disposition of that question and of the case in the contingency of the assignment being found to be valid would call for a new trial as to all the parties.

Judgment reversed, referee discharged, and new trial granted; costs to abide the event. All concur.

HOWELL v. PRESS PUB. CO.

(Supreme Court, Appellate Division, Third Department. March 7, 1900.)

1. APPEAL—MOTION TO ARREST TRIAL—ARGUMENTS OF COUNSEL.
    The motions at the close of the opening and summing up of the case to arrest the trial because of irrelevant statements of plaintiff's counsel are addressed to the discretion of the trial court, and, where no abuse of discretion is shown, the rulings will not be disturbed.

2. SAME.
    Where plaintiff's counsel in an action for libel exhibited pictures contained in the newspaper in evidence, to the jury, at the invitation of defendant's counsel, defendant cannot be heard to complain, on appeal, of such action, and the discussion of the pictures.

Appeal from trial term, Sullivan county.

Action by Lizzie E. Howell against the Press Publishing Company. From a judgment for plaintiff, and an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before PARKER, P. J., and HERRICK, MERWIN, SMITH, and KELLOGG, JJ.

Bowers & Sands (John M. Bowers and James W. Gerard, Jr., of counsel), for appellant.

T. F. Bush, for respondent.

MERWIN, J. This is an action for libel. The defendant on January 4, 1898, published in its newspaper, the New York World, an article concerning the plaintiff, and her troubles with her husband, who was a clergyman. Portions of this article are set out in the complaint, and are claimed to be libelous. Upon this appeal three propositions are presented by the defendant, upon which it bases its claim for the reversal of the judgment. These are as follows: (1) The court should have allowed the defendant to withdraw a juror on account of the irrelevant statements and comments made by the counsel for the plaintiff in opening and summing up the case; (2) the court erred in various rulings upon the admission of evidence; (3) the court erred in charging the jury that the portion of the article complained of was libelous per se.

It appears that the counsel for the plaintiff, in his opening, said that the defendant had "brought the mighty power of the press against this little woman." This the counsel for the defendant objected to. The court said that the opening should be confined to the issues. Then the counsel for plaintiff said that he would state what the pleadings stated, and the pleadings were read to the jury. At the close of the opening the counsel for defendant asked leave to withdraw a juror on the ground that the counsel, in his opening, summed the case up, and used certain expressions that had no relation or bearing to the case. It does not clearly appear that some of the strongest expressions stated to have been used were in fact used, as they do not appear in that part of the opening which is set out in the record. The court denied the motion of the defendant's counsel, and gave him an exception. It does not appear that, after the defendant objected, any objectionable remarks were made by the counsel for plaintiff. The pleadings were read to the jury without objection. They contained full and strong statements of the position upon either side. The motion at the close of the opening to arrest and put off the trial appealed to the discretion of the court. It does not, we think, appear that such discretion was improperly exercised. The trial judge is necessarily in a better position to determine this question than the appellate court can be.

The main objection to the summing up relates to the comments of the counsel for plaintiff in regard to the pictures in the newspaper containing the article sued upon. He referred to the paper as containing pictures of a degrading character. The defendant's counsel then said, "You point out one degrading one." The plaintiff's counsel then exhibited to the jury the newspaper,—apparently the one that was used at the trial in offering in evidence the part sued on, as well as the whole article,—and then discussed the pictures that appeared in it. This proceeded for a while, when the defendant's counsel interrupted, and claimed that nothing but the article was in evidence, and that the plaintiff's counsel had no right to show the jury the paper, and moved to be allowed to withdraw a juror. He also asked the court if there was anything more in evidence than the article. The court replied that the entire paper was in evidence, for the purpose of showing the publication of the article. The defendant excepted. That seems to have ended the discussion of the pictures. The summing up proceeded, and at its close another motion was made by the plaintiff's counsel to withdraw a juror, and this was denied, and exception taken. The defendant, as a part of its case, offered in evidence the entire article. For that purpose, evidently, the paper itself was used, and was in evidence for the purpose of showing the publication. The discussion as to the pictures was at the invitation of the defendant's counsel, and cannot now be complained of. The cases holding it to be error to allow counsel, in summing up, to read from papers not in evidence, do not apply. The denial of the defendant's motion is not shown to have been erroneous, and is not good ground for reversal. At most, it was a matter of discretion, which is not shown to have been improperly exercised. The case of People v. Fielding, 158 N. Y. 542, 53 N. E. 497, is easily distin-

guished. We have carefully examined the exceptions to rulings upon evidence to which our attention has been called, but we find no good ground for reversal.

The court did not err in charging the jury that the portion of the article complained of was libelous per se. Its tendency was to disgrace the plaintiff and bring her into contempt and ridicule. Morey v. Association, 123 N. Y. 207, 25 N. E. 161; Shelby v. Association, 38 Hun, 474, 476, affirmed in 109 N. Y. 611, 15 N. E. 895, on opinion of general term; Winchell v. Argus Co., 69 Hun, 354, 23 N. Y. Supp. 650; Perkins v. Mitchell, 31 Barb. 461.

The foregoing considerations lead to the affirmance of the judgment.

Judgment and order affirmed, with costs. All concur.