(83 App. Div. 206.)

## MORRISON v. SMITH et al.

(Supreme Court, Appellate Division, First Department. May 8, 1903.)

1. LIBEL—ADVERTISEMENT—ASCRIPTION OF UNCHASTITY—SUPPORT OF INNUENDO.
   A complaint for libel alleged that defendants' magazine contained an advertisement reading: "Illustrated new book. Up-to-date. The experience of a giddy typewriter girl in New York. Typewritten. GOOD is no name for it. Sent in plain wrappers, postpaid, on receipt of 25c. in silver or stamps;" that, accompanying these words and completing the advertisement, was the picture of a young and comely woman, which was a likeness of plaintiff; and that the meaning was that plaintiff had been the subject of an "unchaste and indecent" experience. *Held* that, though perhaps libelous per se, the libel as alleged failed to support the innuendo, and the complaint was properly dismissed.

   Laughlin and Patterson, JJ., dissenting.

Appeal from Trial Term, New York County.

Action by Lillian Coleman Morrison against Ormond G. Smith and another, doing business as Street & Smith. From a judgment dismissing the complaint after trial, plaintiff appeals. Affirmed.

See 74 N. Y. Supp. 743.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Israel A. Washburne, for appellant.

Theo. H. Silkman, for respondents.

O'BRIEN, J. The action is for libel, and the complaint avers that in defendants' magazine was printed the following advertisement:

"Illustrated new book. Up-to-date. The experience of a giddy typewriter girl in New York. Typewritten. GOOD is no name for it. Sent in plain wrappers, postpaid, on receipt of 25c. in silver or stamps. Dell Book Co., 119 Flournoy St., Chicago."

It was further averred that, "accompanying these words and completing the advertisement, was the picture of a young and comely woman, and this picture was a likeness of the plaintiff"; and that "the meaning of this advertisement was that the plaintiff had been the subject of an unchaste and indecent experience." At the close of the plaintiff's case the complaint was dismissed, and from the judgment so entered this appeal is taken.

The evidence adduced by the plaintiff at the trial did nothing more than identify her as the person whose likeness accompanied the advertisement, and to show that she had never been in New York as a typewriter girl; and there was no broadening of the meaning to be attached to the language of the advertisement. The question before us, therefore, is practically the same as though there had been a demurrer to the complaint and the demurrer had been sustained. We are thus enabled to eliminate extraneous matter which has no direct bearing upon the merits of this appeal, and, considering the complaint in the light suggested, determine therefrom whether the construction which the plaintiff has placed upon the language can be supported, and whether, without allegations or proof of extrinsic facts or colloquium, the words used in the advertisement are susceptible of the construction that they charge the plaintiff with unchastity.

Were we called upon to determine whether or not the advertisement and picture, apart from the meaning which the plaintiff in the complaint has ascribed to them, were libelous per se, our inclination would be to so regard them, or at least to conclude that the interpretation to be given them is so doubtful as to present on this subject a question for the jury. As stated, however, we are not to consider the words and the picture alone, nor to be guided by a meaning which we think might be ascribed to them, because it was the right of the plaintiff by innuendo to state what she regarded as the true meaning of the advertisement, and, she having given to it a definite construction, we are to determine merely whether she is right in her conclusion. As this court has held, in Brown v. Tribune Ass'n, 74 App. Div. 361, 77 N. Y. Supp. 462:

"The purpose of an innuendo in a pleading is to show the true meaning and intent of the words published, and, when a plaintiff assigns a meaning, he rejects every other meaning which might be ascribed to such words; he is limited to the meaning of the words as interpreted by himself, and a defendant is only called upon to plead or defend upon the trial the meaning of

the words alleged. If such meaning be not libelous, then the plaintiff has not stated a cause of action, even though the words, standing alone, might be libelous. * * * The validity of the complaint, therefore, must be determined by the interpretation which the plaintiff herself has put upon the words published."

So, too, it has been said:

"When the plaintiff by his innuendo puts a meaning on the language published, he is bound by it, although that course may destroy his right to maintain the action." Townshend on Slander and Libel (3d Ed.) § 338.

See, also, Butler v. Wood, 10 How. Prac. 222; Warton v. Gearing, 1 Vict. Law Rep. 122; Morse v. Press Pub. Co., 49 App. Div. 375, 63 N. Y. Supp. 423; Gibson v. Sun Printing & Pub. Ass'n, 71 App. Div. 566, 76 N. Y. Supp. 197.

The complaint here states that the meaning of this advertisement was that the plaintiff "had been the subject of an unchaste and indecent experience"; and it is evident from the juxtaposition of the two words "unchaste and indecent," and also from the argument of the appellant, that these two words were used synonymously. To avoid any misconception upon this point, we quote from the brief of the appellant, wherein she still insists that "what this advertisement is naturally calculated to convey is that there exists and is offered for sale an indecent typewritten story of the unchaste experience as a typewriter girl in New York of the young woman whose likeness forms part of the advertisement, that is, of the plaintiff." The plaintiff, therefore, must stand upon the issue tendered as to whether the words used, viewed in their ordinary meaning, are susceptible per se of the interpretation that they charge her with unchastity. It is unnecessary for us to argue this subject at any length, because the words speak for themselves; and our construction of the advertisement concurs with that which was given to it by the learned trial judge, that the language employed is not susceptible of the meaning that it charged against the person whose likeness was attached that she had been guilty of unchastity. As we have said, although we concluded that, standing alone, the words were libelous per se, because tending to subject the plaintiff to disgrace, reproach, or obloquy, and to hold her up to contempt, ridicule, or dishonor, this would not aid the plaintiff, who, to succeed, must support, either from the language used or by proof, the meaning which she in her complaint has ascribed to the advertisement.

For the failure, therefore, to sustain the burden thus placed upon her, we think that the judgment must be affirmed, with costs.

VAN BRUNT, P. J., and McLAUGHLIN, J., concur.

LAUGHLIN, J. (dissenting). I am of opinion that the alleged libelous advertisement is susceptible of the meaning ascribed to it in the innuendo. If the construction placed upon the published article by the innuendo be that it charges unchastity, still it is not clear that it would not be a question for the jury whether it was not so intended and understood. See Mason v. Stratton (Sup.) 1 N. Y. Supp. 511; Stafford v. Morning Journal Ass'n, 68 Hun, 467, 22

N. Y. Supp. 1008; 142 N. Y. 598, 37 N. E. 625; Gates v. Recorder Co., 155 N. Y. 228, 49 N. E. 769; Ronnie v. Ryder (City Ct. Brook.) 8 N. Y. Supp. 5. In Mason v. Stratton, supra, which was a libel case decided by the General Term in the Fifth Department, it was said that "unchastity in a woman means one who has had unlawful sexual intercourse, or is guilty of such conduct as· would tend to indicate that she was ready and willing to submit to the unlawful embraces of a man"; and it was held to be a question for the jury whether unchastity was imputed in saying of the plaintiff that she was in a store behind a counter in the embrace of a man not her husband. Taking the advertisement as a whole, it published the photograph of the plaintiff, and charged her in effect with being a giddy typewriter girl, and having had experiences of a sensational character in the city of New York that were unfit for publication except by being sent around in a secret manner in typewriting through the mails in plain sealed envelopes. It may be susceptible of the meaning that she had been guilty of such conduct as would tend to indicate that she was "ready and willing to submit to the unlawful embraces of a man."

I think, however, that the construction placed upon the innuendo in the prevailing opinion is altogether too limited. The innuendo charges that the meaning of the advertisement was "that the plaintiff had been the subject of an unchaste and indecent experience." Now I think that this does not necessarily impute unchastity. A woman may have an unchaste or indecent experience without sexual intercourse. An attractive young woman thrown by her employment in contact with men in business houses or offices, who exceeds the bounds of propriety in her conversation with them, and allows them to become too familiar in their conversation or relations with her—which is implied in the charge of being giddy—and is subjected to improper proposals and improper advances by men, might well be said to have an unchaste and indecent experience, even though she were virtuous. The advertisement is fairly susceptible of this meaning, and I think it would at least be understood by the reader of average intelligence as charging the plaintiff with having had such experience. If so, it needs no argument to show that the article is libelous per se, for it would hold the plaintiff up to the scorn and contempt of her associates and friends, and subject her to public ridicule and disgrace. Morey v. Morning Journal Ass'n, 123 N. Y. 207, 25 N. E. 161, 9 L. R. A. 621, 20 Am. St. Rep. 730; Stafford v. Morning Journal Ass'n, supra; Howell v. Press Pub. Co., 48 App. Div. 318, 62 N. Y. Supp. 908; McFadden v. Morning Journal Ass'n, 28 App. Div. 508, 51 N. Y. Supp. 275; Witcher v. Jones (Com. Pl.) 17 N. Y. Supp. 491, affirmed 137 N. Y. 599, 33 N. E. 743. If the advertisement be susceptible of this meaning and also of an innocent meaning, it would be for the jury to determine the sense in which it was intended and understood. Gibson v. Sun Printing & Pub. Co., 71 App. Div. 566, 76 N. Y. Supp. 197.

I cannot agree with the doctrine that where an article is libelous per se without any innuendo, and the plaintiff pleads that it was intended and understood in a broader sense than would be apparent

from reading the article, and ascribes such additional meaning to it by an innuendo, he thereupon elects to stand or fall by the meaning thus ascribed. The doctrine has been announced in the cases cited in the prevailing opinion, but I think that in none was it essential to the decision, and, if it was, the doctrine is erroneous. Of course, where one meaning is ascribed by innuendo, another meaning which requires an innuendo cannot be ascribed by innuendo upon the trial. If the innuendo ascribed be not sustained, and the article be not otherwise libelous without innuendo, no recovery can be had. If, however, the article itself is plainly libelous upon its face without any innuendo, but is in fact more libelous than is apparent, and the broader meaning in which it was used is ascribed to it by innuendo, I see no logic or reason in precluding a recovery for the libel plainly charged, even though the court should rule, or the jury should find, that it was not intended in the enlarged sense ascribed by the innuendo. This will work no injustice to the defendant, for, so far as the article is libelous per se without an innuendo, the plaintiff would only be required to set out the article and allege its publication, and the defendant would be required to meet it upon the trial. If the plaintiff then attempts to extend the meaning by innuendo so far as the extended meaning is concerned, he is confined to his innuendo, and of that the defendant has notice and an opportunity to prepare his defense; but, with the innuendo eliminated by the ruling of the court or the finding of the jury, the defendant is in no worse position than if the innuendo had not been averred, and the plaintiff should be permitted to recover for the libel clearly appearing on the face of the article for which no innuendo was necessary. This is the rule laid down by Odgers in his excellent work on Libel and Slander, and is sustained, I think, both by reason and authority. Odgers on Libel and Slander (3d Ed.) p. 107, quoted with approval by this court in Morse v. Press Pub. Co., 49 App. Div. 375, 378, 63 N. Y. Supp. 423; Carroll v. White, 33 Barb. 615; Croswell v. Weed, 25 Wend. 621; Kraus v. The Sentinel Co., 60 Wis. 425, 19 N. W. 384; Watkin v. Hall, 3 K. B. Cases, 396; Rule v. Tatnel, 43 Law Times Rep. 507; Harvey v. French, 1 Crompton & Meeson's, 11; Gage v. Shelton, 3 Rich. Law (S. C.) 242; Gabe v. McGinnis, 68 Ind. 538; Haws v. Stanford, 36 Tenn. 520; Sanford v. Rowley, 93 Mich. 119, 52 N. W. 1119; Schmisseur v. Kreilich, 92 Ill. 347.

If I am wrong in my contention that the advertisement is not susceptible of the meaning ascribed to it in the innuendo, still I maintain that the article is libelous per se, without any innuendo, as subjecting the plaintiff to scorn, obloquy, and contempt, and holding her up to public ridicule and disgrace. Cases cited, and Hatt v. Evening News Ass'n, 94 Mich. 114, 53 N. W. 952; McMurry v. Martin, 26 Mo. App. 437; Buckstaff v. Viall, 84 Wis. 129, 54 N. W. 111.

I therefore favor the reversal of the judgment and a new trial, with costs to appellant to abide the event.

PATTERSON, J., concurs.