### KING v. SUN PRINTING & PUBLISHING CO.

(Supreme Court, Appellate Division, First Department. June 5, 1903.)

1. LIBEL—SPECIAL DAMAGES—PLEADING.
   In an action for libel arising from a publication which is not actionable per se, the facts that show that special damages have been sustained must be specifically set forth in the complaint.

2. SAME—INJURY TO BUSINESS—ALLEGATIONS—SUFFICIENCY.
   In an action for libel, an allegation that plaintiff has been injured in his credit personally by the libelous words, and that in respect to the publication of the work specified in the libelous article and in respect to his general business as publisher he has been prevented from procuring subscriptions for the work, without averring wherein or how, is not a sufficient allegation of special damages.

   Laughlin, J., dissenting.

Appeal from Special Term, New York County.

Action by Moses King against the Sun Printing & Publishing Company. From an interlocutory judgment sustaining a demurrer to the complaint, plaintiff appeals. Affirmed.

¶ 2. See Libel and Slander, vol. 32, Cent. Dig. §§ 213½, 214.

Argued before HATCH, McLAUGHLIN, PATTERSON, IN-GRAHAM, and LAUGHLIN, JJ.

Stillman F. Kneeland,. for appellant.

Franklin Bartlett, for respondent.

McLAUGHLIN, J. This action was brought to recover damages for an alleged libel. The defendant demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained, and the plaintiff has appealed.

The article complained of was published of and concerning the plaintiff and his business; and such facts, by proper innuendo, were sufficiently alleged in the complaint. The article, however, is not libelous per se, and therefore is not actionable, unless the plaintiff has sustained, by reason of its publication, some pecuniary damage, which necessarily and as a legal result flows from the publication (Bassell v. Elmore, 48 N. Y. 561), and facts showing that such damage has been sustained must be fully and specifically set forth in the complaint. The complaint is quite voluminous, and, after setting forth the business of the plaintiff, the work in which he is engaged, the article at length, and the meaning intended to be conveyed by it, concludes:

"That by reason of the premises the plaintiff has been injured in his reputation and credit personally, and in respect to the publication of the work of art. specified in the previous paragraphs, and in respect to his general business as publisher, by reason of said premises, and has been prevented and will be prevented from procuring subscriptions for and making sales of said various publications, and has had and will have the effect of ruining said business; all to his damage in the sum of fifty thousand ($50,000) dollars."

This is not a sufficient allegation of special damage to enable plaintiff to maintain the action within the authorities (Langdon v. Shearer, 43 App. Div. 607, 60 N. Y. Supp. 193; Erwin v. Dezell, 64 Hun, 391, 19 N. Y. Supp. 784; Linden v. Graham, 1 Duer, 672; Hallock v. Miller, 2 Barb. 630), and therefore the demurrer was properly sustained. How or in what way the plaintiff has been damaged in respect to the publication of the work of art referred to, or in his general business prevented or will be prevented from procuring subscriptions, or how or in what way the publication has had or will have the effect of injuring his business, is not stated. To recover special damages, these facts must be specifically alleged in the complaint and proved at the trial; and, in the absence of allegations of such facts, we do not think the complaint states a cause of action.

The demurrer, therefore, was properly sustained, and the judgment appealed from must be affirmed, with costs, with leave, however, to the plaintiff to serve an amended complaint on payment of the costs in this court and in the court below.

PATTERSON, INGRAHAM, and HATCH, JJ., concur.

LAUGHLIN, J. I dissent, on the ground that the article is libelous per se, and that it is also susceptible of the meaning ascribed to

it in the innuendo; and I think the innuendo does not limit the plaintiff in his claims, for the reasons stated in my dissenting opinion in the case of Morrison v. Smith (decided May 8, 1903) 82 N. Y. Supp. 166.