(112 App. Div. 246)

REPORTERS' ASS'N OF AMERICA v. SUN PRINTING & PUBLISHING CO.

(Supreme Court, Appellate Division, First Department. April 6, 1906.)

1. LIBEL AND SLANDER—PUBLICATION LIBELOUS PER SE.

 An article reading: "Roosevelt called police, and got back his letter from Newsboys' employés. Blue pencil grafters have exchanged mendicancy for peddling certificates of stock in philanthrophic plant. $250,000 to sell. Watch your check book"—with other statements with respect to, the Newsboys' Company and its agents being shadowed, and that many concerned in the publication had police records, probably in possession of the chief of police still, and followed by that portion of the article relating to plaintiff, the Reporters' Association of America, wherein it was said that "Washington had been fruitful of checks until this, but thereafter the activity was transferred to this city [New York]. The beggars have been busy here ever since. Subscription lists seem to have been exchanged along the 'Press Artists' League,' the 'Reporters' Association of America,' and a score of other concerns organized for the same purpose, because the canvassers have always seemed to hit on the same easy marks"—was not libelous per se; the innuendoes that plaintiff was engaged in "grafting," and was being shadowed by the police, was associated with people with police records, and was procuring money by swindling and false representations, not legitimately flowing from the article.

2. SAME—CORPORATIONS—RIGHT OF ACTION.

 A corporation may maintain an action for libel.

 [Ed. Note.— For cases in point, see vol. 32, Cent. Dig. Libel and Slander, § 174.]

3. SAME—PUBLICATION LIBELOUS PER SE.

Language used concerning a corporation which is defamatory in itself, and injuriously and directly affects the credit of, and necessarily and directly occasions pecuniary injury to, the corporation, is libelous per se.

[Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Libel and Slander, §§ 3–16, 80–90, 97.]

4. SAME—PLEADING AND PROOF—SPECIAL DAMAGE.

When words published of a corporation are not libelous per se, special damages must be allowed and proven.

[Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Libel and Slander, § 213.]

5. SAME—COMPLAINT—SUFFICIENCY.

Where an article published concerning plaintiff, engaged in publishing a magazine, was not libelous per se, the requirement of pleading special damages was met by the allegation that by reason of the publication plaintiff had met with serious loss in business by refusal of clients to pay the just claims due by contract to plaintiff.

[Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Libel and Slander, § 214.]

Patterson and Laughlin, JJ., dissenting.

Appeal from Special Term, New York County.

Action by the Reporters' Association of America against the Sun Printing & Publishing Company. From a judgment overruling its demurrer to the amended complaint, defendant appeals. Affirmed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, LAUGHLIN, and HOUGHTON, JJ.

Franklin Bartlett, for appellant.

A. P. Bachman, for respondent.

HOUGHTON, J. The defendant demurs to the plaintiff's amended complaint on the ground that it fails to state a cause of action. The plaintiff is a corporation, and brings this action against the defendant for publication of a libel. The article which is alleged to be libelous against this plaintiff related especially to criticisms concerning the Newsboys' Magazine and its management, with respect to which it was said:

"Roosevelt called police, and got back his letter from Newsboys' employés. Blue pencil grafters have exchanged mendicancy for peddling certificates of stock in philanthropic plant. $250,000 to sell. Watch your check book."

With other statements with respect to the Newsboys' Company and its agents being shadowed, and that many concerned in the publication had police records, probably in possession of the chief of police still. Then follows that portion of the article relating to the plaintiff, wherein it is said that:

"Washington had been fruitful of checks until this, but thereafter the activity was transferred to this city [New York]. The beggars have been busy here ever since. Subscription lists seem to have been exchanged along the 'Press Artists' League,' the 'Reporters' Association of America,' and a score of other concerns organized for the same purpose, because the canvassers have always seemed to hit on the same easy marks."

The innuendo is alleged to be that this plaintiff is engaged in "grafting," and was being shadowed by the police, and was associated and concerned with people with police records, and was procuring money by swindling and false representations. The article does not charge

actual crime even on the part of the Newsboys' Magazine, or its promoters or managers. The most that can be said is that it is pointed out as a concern sailing under false colors, not philanthropic, but an institution organized for the benefit of its organizers. The statement is that this defendant is a concern organized for the same purpose.

The defendant claims that the article is not libelous per se. We think this contention is correct. The complaint, however, alleges special injury to plaintiff's business, which made it proper to overrule the demurrer. The innuendoes alleged by the plaintiff do not legitimately flow from the article. What is said with respect to the Newsboys' Magazine as to "grafters" and "police" and "police records" cannot be said to legitimately refer to this plaintiff. What does fairly refer to this plaintiff is that it is begging subscriptions, and is organized for the purpose of benefitting itself and allied concerns. That a corporation is a suppliant for favors, and that it is allied with like corporations, does not necessarily injure its business or credit, or accuse it of improper conduct or management or fraud.

A corporation can maintain an action for libel. When language is used concerning it which is defamatory in itself, and injuriously and directly affects its credit, and necessarily and directly occasions pecuniary injury, it is libelous per se. When the words are not such as to make them libelous per se, special damage must be alleged and proven. Union Associated Press v. Heath, 49 App. Div. 247, 63 N. Y. Supp. 96. The words not being actionable per se, the plaintiff has, however, met the requirement of pleading special damages by its allegation that it has met with serious loss in business by refusal of clients to pay the just claims due by contract to it. The plaintiff is engaged in publishing a magazine known as the "Public Inspector." Its contracts presumably are valuable, and, while the allegation with respect to damage in this respect is not as full and specific as it might be made or as is desirable, yet we think it does not come within the condemnation of the rule laid down by this court in King v. The Sun Printing & Publishing Association, 84 App. Div. 310, 82 N. Y. Supp. 787. In that case there was a general allegation that plaintiff had been ruined in his business, and had been and would be prevented from procuring subscriptions and making sales of various publications. Here the allegation is that the plaintiff has been put to serious loss in its business by the refusal of clients to pay just claims due upon contracts. The plaintiff's damages should be confined to the loss sustained in that manner. What those damages may be composed of, whether more than the cost incurred in enforcing the contracts, we do not feel called upon now to decide. It is sufficient for the demurrer that some special damage is alleged, notwithstanding the article was not libelous per se.

From our view of the article complained of, and the allegation with respect to special damage, it follows that the demurrer was properly overruled.

The interlocutory judgment should be affirmed, with costs, with leave to the defendant to withdraw its demurrer and to plead, upon payment of the costs of appeal and of the trial court.

O'BRIEN, P. J., and McLAUGHLIN, J., concur.

PATTERSON, J. (dissenting). I concur in the view that the article of which the plaintiff complains is not libelous per se, but I dissent from the conclusion that there is a sufficient allegation of special damage such as is required to enable the plaintiff to maintain the action. All that is alleged in the complaint in that regard is that the publication, so far as it related to the plaintiff, is false, and has caused to the plaintiff "a serious loss in business," and "the refusal of clients to pay the just claims due by contract," and "has greatly damaged the said plaintiff in credit and reputation." It is not disputed that the allegations of a serious loss of business and damage to the plaintiff in its credit and reputation are not good as stating special damage, and therefore the sufficiency of the complaint must depend upon the simple phrase, "the refusal of clients to pay the just claims due by contract." There is not an allegation of actual loss. If the claims are just and due, they may be recovered by action. There is no allegation that the plaintiff has been put to expense, or will be, in efforts to collect the just claims due it. Nor can that be assumed, for it may be indemnified in costs of actions instituted by it. Who the clients were, what the claims or the contracts were, are not set forth. The allegations are not only vague, but are as unsubstantial as would be one of loss of customers. Such an allegation would be entirely insufficient without giving the names of the customers. Loftus v. Bennett, 68 App. Div. 131, 74 N. Y. Supp. 290, and cases cited. The rule in an action for libel is, of course, the same as that in an action of slander, and in Linden v. Graham, 1 Duer, 672, it is well stated as follows:

"We apprehend that, in all actions of slander for words not in themselves actionable, the right to recover depends upon the question whether they caused special damage, and that the special damage must be fully and accurately stated. If the special damage was a loss of customers or of a sale of property, the persons who ceased to be customers or who refused to purchase must be named. Kendall v. Stone, 5 N. Y. 14."

I think the demurrer should have been sustained, and that the interlocutory judgment should be reversed, but with permission to the plaintiff to amend its complaint on payment of costs of this appeal and in the court below.

LAUGHLIN, J., concurs.

---

(112 App. Div. 99)

### In re DEUEL.

(Supreme Court, Appellate Division, First Department. April 6, 1906.)

1. JUDGES—DISABILITIES—ENGAGING IN OTHER BUSINESS—STATUTE—CONSTITUTIONALITY.

[Ed. Note.—For cases in point, see vol. 29, Cent. Dig. Judges, § 72.]