titled to be informed of the charge against him, and to be allowed an opportunity to make an explanation (section 537, Greater New York Charter, Laws 1901, p. 242, c. 466) and these he had. The return to the petition for the writ, and which must be accepted as true, states that the relator was notified to appear, and in response to such notice he did appear and ask for an adjournment, and then the charges against him were "fully explained to him." The true ground of his removal was entered upon the records of the department, and he was given written notice of the cause of his removal, which was that he had "obtained employment in this department by means of fraudulent certificate of citizenship."

The relator was not entitled to be sworn or to introduce witnesses in his own behalf, nor was he entitled to a trial or judicial hearing of any kind. All he was entitled to was to be notified of the charge and afforded an opportunity to make an explanation. This he had, and the act of the commissioner in removing him was not a judicial act in any sense, for which reason it cannot be reviewed in the manner here sought. People ex rel. Kennedy v. Brady, 166 N. Y. 44, 59 N. E. 701; People ex rel. Lahey v. Woodbury (Sup.) 98 N. Y. Supp. 142.

It follows, therefore, that the writ should be dismissed, with $50 costs and disbursements, and the action of the commissioner in dismissing the relator sustained. All concur.

---

### TOWN TOPICS PUB. CO. v. COLLIER et al.

(Supreme Court, Appellate Division, First Department. June 20, 1906.)

1. LIBEL AND SLANDER—WORDS ACTIONABLE PER SE.

   A newspaper article charging a corporation with blackmail is libelous per se.

   [Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Libel and Slander, § 34.]

2. SAME—COMPLAINT—BILL OF PARTICULARS.

   One sued for publishing an article libelous per se is not entitled to a bill of particulars of the items of the general damage sustained.

   [Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Libel and Slander, § 233.]

3. SAME—DEMAND FOR GENERAL DAMAGES.

   A complaint for libel which alleged that plaintiff, a corporation engaged in publishing a weekly periodical, was injured in its name and credit and suffered and would continue to suffer loss in its revenue and profits from advertising, sales, and subscriptions, and that persons had declined to deal with it, to its damage in a specified sum, demanded general damages only, and defendant was not entitled to a bill of particulars.

   [Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Libel and Slander, § 233.]

Appeal from Special Term, New York County.

Action by the Town Topics Publishing Company, against Peter F. Collier and another. From an order denying a motion for a bill of particulars, defendants appeal. Affirmed.

Argued before O'BRIEN, P. J., and PATTERSON, McLAUGHLIN, LAUGHLIN, and CLARKE, JJ.

John V. Judge, for appellants.

Charles L. Craig, for respondent.

McLAUGHLIN, J. This action was brought to recover damages sustained by the publication of an alleged libel. The complaint charges that the plaintiff is a domestic corporation engaged in publishing a weekly periodical known as "Town Topics" and the defendants are copartners engaged in publishing a periodical called "Collier's the National Weekly." It then sets out the article published and alleges by reason thereof "the plaintiff has been greatly injured and damaged in its fair name and credit and has suffered and will continue to suffer great loss in its revenue and profits from advertising, sales and subscriptions and that persons have declined and refused further to deal with the plaintiff to the plaintiff's damage in the sum of $100,000." The answer admits the incorporation of the plaintiff; the publication as charged in the complaint; that the same referred to the plaintiff; denies the other material allegations of the complaint, and then sets up four separate and distinct defenses. After issue had been joined the defendants moved for a bill of particulars of the amount of injury and damage to the credit of the plaintiff and the amount of loss to its revenues and profits from advertising, sales and subscriptions, together with the names and addresses of all persons who have declined and refused further to deal with the plaintiff. The motion was denied and defendants have appealed.

The article is libelous per se. It, in effect, charges plaintiff with blackmail. The defendants are not entitled to a bill of particulars of the items of the general damage sustained, if any, by reason of such publication. Commercial National Bank v. Hand, 9 App. Div. 614, 41 N. Y. Supp. 823; Bell v. Heatherton, 66 App. Div. 603, 73 N. Y. Supp. 242; Stokes v. Stokes, 72 Hun, 372, 25 N. Y. Supp. 405. By general damage is meant the damage which the law presumes must naturally, proximately, and necessarily result from the publication. Le Massena v. Storm, 62 App. Div. 150, 70 N. Y. Supp. 882. Special damage is such as is the natural and proximate, but not the necessary result of the libelous publication. 18 Am. & Eng. Enc. of Law (2d Ed.) p. 1085. If an article be libelous per se, then the law presumes general damages to have been sustained, and it is not necessary, in order to justify a recovery on that ground, that the damages should have been specifically pleaded or proved. Palmer v. New York News Pub. Co., 31 App. Div. 210, 52 N. Y. Supp. 539. But when it is sought to recover special damages, the same must not only be pleaded but proved.

The allegation of the complaint is to recover general, and not special, damage. Langdon v. Shearer, 43 App. Div. 607, 60 N. Y. Supp. 193; King v. Sun Printing & Pub. Ass'n, 84 App. Div. 310, 82 N. Y. Supp. 787, affd. 179 N. Y. 600, 72 N. E. 1144. How or in what way plaintiff has suffered great loss in its revenues and profits from advertising, sales and subscriptions is not stated, nor are any facts stated in connection with such allegation, from which damages can possibly be inferred, other than that "persons have declined and refused further to deal with the plaintiff." This, I think, an insufficient allegation to recover

special damages, inasmuch as the facts showing the damage must be set out in order to justify a recovery upon that ground.

The order appealed from, therefore, should be affirmed, with $10 costs and disbursements. All concur.

