## REINBOTH v. EDERHEIMER.

### (Supreme Court, Appellate Term.    February 15, 1912.)

1. LIBEL AND SLANDER (§ 9*)—WORDS ACTIONABLE—SPECIAL DAMAGE.

The words, "he drove that man to suicide," referring to a subagent of the plaintiff, who was a managing agent of a life insurance company, are not actionable, as slander, in the absence of an allegation of special damage, as they are not slanderous per se, as tending to injure the person of whom uttered in his trade or occupation.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 80-90; Dec. Dig. § 9.*]

2. LIBEL AND SLANDER (§ 89*)—SPECIAL DAMAGES — ALLEGATIONS — SUFFICIENCY.

Special damages were not charged by an allegation of a complaint in slander that the plaintiff's "business has been and will be damaged in the sum of $500."

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 213, 214; Dec. Dig. § 89.*]

3. ARREST (§ 35*)—ORDER OF ARREST—AMENDMENT OF COMPLAINT.

Under Code Civ. Proc. § 558, which provides that, where an order for the arrest of a defendant is granted to accompany the summons, it must be vacated on motion, if the complaint fails to set forth a sufficient cause of action; but where the order is applied for after the filing or service of the complaint, the court, before granting same, may without notice direct the service of an amended complaint, where an order was granted to accompany the summons and complaint, leave to file an amended complaint, after the determination of the insufficiency of the original and a motion to vacate the order of arrest, was improperly given.

[Ed. Note.—For other cases, see Arrest, Cent. Dig. §§ 84–87; Dec. Dig. § 35.*]

4. ARREST (§ 35*)—AMENDMENT—FAILURE TO STATE A CAUSE—ORDER OF ARREST—VACATION.

Under Code Civ. Proc. § 768, as amended in 1911 (Laws 1911, c. 763), which provides that where, upon a motion to set aside or vacate any paper filed for technical defects, or defects or insufficiency in the papers or proceedings upon which it was made or entered, the court shall direct that the defects or insufficiencies be cured or supplied nunc pro. tunc, where it is possible without prejudice, a total failure of a complaint to state a cause of action may not be regarded as such a defect as is contemplated, so that the court may permit its amendment after a motion to vacate an order of arrest accompanying it.

[Ed. Note.—For other cases, see Arrest, Cent. Dig. §§ 84–87; Dec. Dig. § 35.*]

Appeal from City Court of New York, Special Term.

Action by Max Reinboth against Leopold Ederheimer. From an order denying the defendant's motion to vacate an order of arrest, defendant appeals. Reversed, and motion granted.

Argued February term, 1912, before SEABURY, GUY, and BIJUR, JJ.

Frederick Klein, for appellant.

Norman S. Riesenfeld (Maurice Millimet, of counsel), for respondent.

BIJUR, J. The complaint alleges that plaintiff is a managing agent of a life insurance company; that in the course of his business he em-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ployed various subagents, among whom was one Westworth; and that the defendant said of the plaintiff, in substance:

"He drove that man [referring to Westworth] to suicide.  *  *  *  They all say he is responsible for that act, and nobody else."

[1, 2] It appears that the learned court below properly regarded the complaint as failing to set out a cause of action, because these words are not actionable per se, not tending to injure the plaintiff in his trade, occupation, or business, a defect which could only be cured by alleging special damages (Flatow v. Von Bremsen, 11 N. Y. Supp. 680; Anonymous, 60 N. Y. 262, 19 Am. Rep. 174), and because the allegation that "his business has been and will be damaged in the sum of $500" did not adequately set forth special damages (King v. Sun Printing & Pub. Ass'n, 84 App. Div. 310, 82 N. Y. Supp. 787; Town Topics Pub. Co. v. Collier, 114 App. Div. 191, 99 N. Y. Supp. 575). The court below, however, denied defendant's motion to vacate the order of arrest upon condition that plaintiff pay $10 costs of the motion, *and serve. an amended complaint,* after which the motion to vacate might be renewed.

[3] Under section 558 of the Code, as appellant claims, where the order of arrest accompanies the complaint, the order must be vacated if the complaint fails to set forth a cause of action. It is only where the order of arrest is applied for *after* the service of the complaint that leave may be granted to serve an amended complaint. While the papers on this appeal do not show that the order of arrest was granted to accompany the summons and complaint, that fact was conceded by respondent on the argument.

[4] Respondent contends that the court, nevertheless, had power, under section 768, as amended in 1911 (Laws 1911, c. 763), to permit an amendment of the complaint; but I do not think that the failure of the complaint to state a cause of action may be regarded as a "technical defect" or an "insufficiency," and surely not in this case, as one that can be "cured or supplied without prejudice to intervening rights."

Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs. All concur.